ORIGINAL

(47)

'2-14-
8c

FILED
HARRISBURG

FEB 15 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes : CIVIL ACTION NO. 1:00-CV-2003
:
    Plaintiff :
:
        v. :
:
Apple Chevrolet, Inc. et al. :
: Judge Sylvia H. Rambo
    Defendant :

<u>MOTION TO COMPEL DISCOVERY WITH A REQUEST FOR SANCTIONS</u>

TO JUDGES OF SAID COURT:

    AND NOW, this day of February 12, 2002, comes Plaintiff, Jeffrey L. Hanes, by and through his counsel, Sandra I. Thompson, to respond file this Motion to Compel Discovery with Request for Sanctions and states the following:

## I. MOTION TO COMPEL DISCOVERY

1.    On July 13, 2001, Plaintiff, by and through counsel, served Requests for Admission and Written Interrogatories upon counsel for Defendants. (A copy of said discovery requests are attached hereto, marked as Exhibit A, and incorporated herein.)

2.    On July 13, 2001, Plaintiff's discovery requests were accepted by Rose Pierce, an adult person left in charge of Defense counsel's office. (A copy of said acceptance is attached hereto, marked as Exhibit B, and incorporated herein.)

3.    On or around July 23, 2001, Defendants acknowledged service of Plaintiff's discovery requests by filing a Motion to Quash Propounded Discovery Requests.

4.  On July 24, 2001, by Court order the time for which Defendants were allotted to respond to Plaintiff's discovery requests was stayed pending the resolution of Defendants' Motion to Require the Withdrawal of Counsel.

5.  On January 7, 2002, this Honorable court denied Defendants motion and vacated the stay for Defendants response to Plaintiff's discovery requests.

6.  On January 28, 2002, after the requisite time for compliance with the rules of discovery, minus the time of the stay, Plaintiff served Defendants with a ten day notice to provide discovery answers. (A copy of said notice is attached hereto, marked as Exhibit C, and incorporated herein.)

7.  Over thirty days are past since this Court vacated the stay for Defendants' answers.

8.  To date, Defendants have failed to provide answers to Plaintiff's discovery requests.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court will order Defendants to provide answers to Plaintiff's discovery requests within ten days.

## II. REQUEST FOR SANCTIONS

9.  Paragraphs 1-8 are incorporated herein as if stated in full.

10. Defendants responded by dating a copy of the July 13, 2001 Acceptance of Service that accompanied Plaintiff's requests for discovery for January 29, 2002. (A copy of said document is attached hereto, marked as Exhibit D, and incorporated herein.)

11. By letter dated February 4, 2002, Defendants again refused to submit answers to Plaintiff's discovery requests within the prescribed timeframe, in violation of F.R.C.P. (A copy of said letter is attached hereto, marked as Exhibit E, and incorporated herein.)

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey L. Hanes | : | CIVIL ACTION NO. 1:00-CV-2003 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Apple Chevrolet, Inc. et al. | : | |
| | : | Judge Sylvia H. Rambo |
| Defendant | : | |

### REQUEST FOR ADMISSION

Plaintiff, by counsel, pursuant to Fed. R. Civ. P. 36, hereby submits the following request for admissions.

You must file and serve a written response to this request for admissions within thirty (30) days following service hereof. Your response to each matter may be in the form of an admission, a specific denial, an objection (with reasons clearly stated), or a statement that the matter cannot be admitted or denied. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made a reasonable inquiry and the information known or readily available to you is insufficient to enable you to admit or deny.

You are hereby requested to admit the truth of the following matters of fact:

1.    Apple Chevrolet, Inc, herein after referred to as Defendant, engages in the business activity of automobile rentals.

EXHIBIT A

2. These automobiles that are rented by consumers may be used to travel anywhere within the Commonwealth of Pennsylvania and within the United States of America.

3. As consumers use these automobiles to travel, they are required to fill the automobile with gasoline as they travel.

4. The gasoline may be purchased in any of these United States in which such consumers may travel.

5. On November 13, 1998, a white male rented from Defendant the automobile that was driven by Jeffrey L. Hanes, herein after referred to as Plaintiff.

6. On November 14, 1998, when Defendant agreed to waive the late return fees for Plaintiff, Defendant did so through telephone communication.

7. Defendant agreed to waive the late return fees for Plaintiff because: Plaintiff stated that he would then keep the vehicle for another day and a white male customer was waiting to rent the vehicle.

8. Plaintiff returned the vehicle on November 14, 1998 on Defendant's assertions that he would not be charged for an additional day.

9. Defendant made his/her first visual observation of Plaintiff when Plaintiff returned the vehicle.

10. Defendant charged Plaintiff for an additional day of rental.

11. When Plaintiff complained, Defendant stated "I waited for your black …(ass)".

12. You have a videotape of this transaction.

13. Criminal charges were filed against Plaintiff.

14.   At the date and time of the hearing no Apple Chevrolet representative appeared at the hearing.

15.   Terry Stewart was notified to send an Apple Chevrolet representative.

16.   The hearing was delayed until the Apple Chevrolet representative appeared.

17.   Terry Stewart is the President of Apple Chevrolet, Inc.

18.   Terry Stewart has professional and/or personal relationships with certain District Justices.

Dated: ___7-13-01___

Sandra Thompson, Esquire
PA Attorney ID No. 84345
Attorney for Plaintiff

Law Office of Sandra Thompson
P.O. Box 2361
York, Pennsylvania 17405
717-845-1408

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes                          :        CIVIL ACTION NO. 1:00-CV-2003
                                          :
        Plaintiff                         :
                                          :
                                          :
            v.                            :
                                          :
Apple Chevrolet, Inc. et al.              :
                                          :        Judge Sylvia H. Rambo
        Defendant                         :

The following are Interrogatories propounded by Jeffrey L. Hanes, Plaintiff, to Defendants in the above-entitled action. These interrogatories are to be answered under oath, within thirty (30) days after service, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

## DEFINITIONS

A. Document- The term "document" means any papers or writings, including drafts in your possession, custody and control, or of which you have knowledge, wherever located, whether an original or copy, including agreements, financial statements, invoices, minutes, memoranda, notes, records, interoffice communications, tapes (video or audio), or other recordings, microfilms, telegrams, letters, photographs, drawings, data, reports, printed matter, publications, press releases, offers, bids, proposals, statements, telexs, complaints, notices, claims, counterclaims, answers, and presentations. Any copy containing, or having attached

any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence shall be deemed a separate document within the foregoing definition.

B. You, Yourself, or Your- These terms refer to the Defendant to which these Interrogatories are directed, its parents, subsidiaries, affiliates, departments, and divisions, its present and former directors, officers and agents, and all other persons acting or purporting to act on behalf of the Defendant, or such parents, subsidiaries, affiliates, departments and divisions.

C. Plaintiff- This term refers to Jeffrey L. Hanes.

D. A request for the "identity of", or that you "identify" a person, constitutes a request to state:

   1. The present name of such person, if known, or if unknown, as complete a description of such person as is possible.

   2. The present address of such person, if known, or if unknown, the last known address of such person.

E. A request for the "identification" of, or that you "identify" a document or writing constitutes a request for the following:

   1. Its nature (e.g. contract, letter, tape recording, ledger sheet, memoranda, receipt, etc.).

   2. Its title (if any).

   3. The substance of its contents.

   4. The date and place of its preparation.

   5. The identity (as described above) of all persons signing it, preparing it, or making it, or participating in , or present at its preparation, making or signing.

6. The identity (as described above) of the person having custody of the document or writing, the present location of the document or writing, and any available information as to the disposition of the document or writing or its whereabouts.

F. Oral Statement/conversation-This term refers to any communication not reduced to writing. A "conversation" as used here, means one or more oral statements by one or more persons to one or more other persons whether in each other's presence, by telephone, or otherwise.

G. A request for the "description" of , or that you "describe" an oral statement or conversation constitutes a request for the following:

1. The time and place at which such oral statement or conversation occurred, as precisely as can be stated.

2. The identity of each person present.

3. The words spoken by (and any nonverbal communications) of each party, described as accurately as possible and set forth in substance where specific words cannot be recalled.

4. A description of each writing that sets forth or refers to all or any part or such conversation or oral statement.

H. The words "describe in detail" when used in these Interrogatories call for a specific and detailed statement of each element of the subject of inquiry and, in addition to all other information reasonably falling within the scope of such words, constitute a request for the following:

1. As to each course of action, course of conduct, relationship or other matter specified or referred to in an interrogatory or answer, a statement of each act, event, conversation, transaction, occasion, instance, writing, element, or fact which is part of such course of action, course of conduct, relationship or other matter.

2. As to each act, event, conversation, transaction, occasion, writing, instance, element or fact specified or referred to in an answer, a statement of its subject matter, nature of substance; the date and time when it occurred; the place where it occurred; and the identity (as described above) of each person participating.

I. If an act, event, conversation, transaction, occasion, writing, or other instance or matter is mentioned or referred to in response to more than one of these interrogatories, you need not completely identify and describe it or her/him in every instance, provided you supply a complete identification and description in one such instance in full compliance with the foregoing definitions, and in each other such instance, make a specific reference to the place in these interrogatories where such complete identification and description first appears.

J. Whenever it is required that Defendant identify or describe in detail a document, Defendant may, at its option, attach a copy of such documents to its answer to the interrogatories, in lieu of identifying or describing in detail such document.

K. Instructions – Each interrogatory shall be deemed to be continued in nature and Defendant shall supply such additional answers as necessary to insure truthfulness and completeness of such answers by appropriate amendments to the extent required by Rule 26(e)(1) and (2) of the Federal Rules of Civil Procedure.  Plaintiff does not waive its rights pursuant to Rule 26(e)(3) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

1.    Identify all persons other than counsel who assisted in (other than in routine clerical capacity) or who was consulted as to the preparation of answers to these interrogatories, indicating as to each person:

    a.    the name, home address and telephone number, and business address and telephone number of the persons.

    b.    the title and position of the person; and

    c.    the interrogatory or interrogatories that the assistance or consultation that was given.

2.    Describe in detail Defendant's business activities and total number of employees.

3.    Name each department or other operative unit of Defendant, setting forth for each:

    a.    name, office address and title of the officer, manager or employee in charge;

    b.    describe its function.

4.    If there is an organizational chart for the Defendant, so state:

    a.    the name and address of the custodian of such chart;

    b.    describe such chart, or attach a copy to your answers to these interrogatories.

5.    Identify each of Defendants directors and designate which are the Chairman, Vice Chairman, and other officers of the board.

6.    Identify the senior officers indicating the area of responsibility for each.  As used in this interrogatory "area of responsibility" means the division, department or operational unit of which the officer is in charge or to which he/she is assigned.

7. Identify the names and addresses of all persons having knowledge of any discoverable matter in this action, and describe in detail the substance and basis of their knowledge.

8. Identify all witnesses, including their names and addresses, who you intend to call to trial.

9. Identify all employees who were working in or around the Apple Chevrolet Rental and Sales office located at 1200 Loucks Road, York, Pennsylvania on November 13, 1998 and November 14, 1998.

10. As to any person whom you intend to call as an expert witness at trial, describe in detail the following:

    a. name, address, telephone number and title and position.

    b. the field of expertise

    c. the full and detailed qualifications, training, professional and practical experience, education and degree obtained by such expert, and after each item listed in the answer of this interrogatory, set forth the dates and/or years of same, the names and addresses of each institution attended, the nature of each place at which experience or training was received.

    d. the subject matter on which the expert is expected to testify.

    e. a summary for grounds of each opinion.

    f. whether there are any reports in existence from the particular expert witness, either written or oral, other than those supplied, and if any such reports, either oral or written, subsequently become known to you or become available, identify and submit copies thereof to supplement answers to these interrogatories.

g.    the identification of and attach hereto all written reports conclusions or comments ever prepared by the expert witness with respect to the subject matter of this litigation or if said reports are oral, supply the full context of said reports.

11.    Describe in detail any written or oral statements obtained from any person identified in the answers to interrogatories 7 through 10, and if so, state:

a.    the date the statements were obtained.

b.    the name and address of the person who made the statement.

c.    the name and address of any person to whom the statement was made.

d.    the contents of the statement if oral.

e.    if the statement is contained in a document, the identity of the document and attach a copy or reproduce the document.

12.    With respect to Plaintiff obtaining a rental vehicle on November 13, 1998, state:

a.    describe in detail the terms of the document

b.    identify the parties to the rental agreement

13.    With respect to any rental agreements entered into with Plaintiff prior to November 13, 1998, state in detail:

a.    the date of such transactions;

b.    the terms of the document;

c.    a description of the substance of the transaction;

d.    the identity of all persons involved in any said transactions.

14.    With respect to any conversation between Plaintiff and Defendant on November 14, 1998 concerning the return of the van, state:

a.    describe in detail the substance of each such conversation;

       b.     identify each person who witnessed and/or participated in each such conversation.

15.    With respect to Plaintiff's claims that one of the individual Defendants made the following statement to the Plaintiff: "I waited for your black …(ass)", as alleged in the complaint:

       a.     identify the person who is claimed to have made such statement;

       b.     describe in detail the circumstances of her separation from employment with Defendant;

       c.     describe in detail the substance of the conversation;

       d.     identify each person who witnessed or overhead the conversation.

16.    With respect to Plaintiff's claims that of disparate treatment as a customer lodging a complaint, in that when he demanded the honoring of the renegotiated contract criminal charges were filed against him, as alleged in the complaint, identify each and every person who:

       a.     has knowledge of any facts relating to this claim; and/or

       b.     witnessed and/or participated in pursuing said action against Plaintiff.

17.    With respect to the van that was returned by Plaintiff on November 14, 1998:

       a.     identify the person who immediately rented the passenger van after Plaintiff;

       b.     describe in detail the terms of that rental agreement.

18.    With respect to the knowledge and/or participation of Defendant, Terry Stewart, state:

       a.     the identity of the person who advised him of any contact that occurred on November 14, 1998, between any Defendant and Plaintiff;

       b.     the date Defendant Stewart received such information;

       c.     the manner by which such information was provided;

       d.     describe in detail the substance of the communication;

e.    describe in detail any directive that was given by Defendant Stewart;

f.    identify each person to whom any directive was given.

19.  At any time prior to November 14, 1998, has any African American person been asked to leave your premises, if so, state:

a.    the identity of each such person;

b.    the date(s) that each such person was asked to leave;

c.    the reason why each such person was asked to leave.

20.  State whether you have policies and procedures, written or oral, on handling customer complaints, and if so, describe in detail:

a.    the date they were created;

b.    the terms and/or contents;

c.    provide a copy of the document, if available, or reproduce the document.

21.  With respect to previous disputes and/or complaints over rental fees and/or late return fees, made by other customers since 1991 (or the longest legally allowable term of years):

a.    identify the customer, including race; and

b.    describe in detail the circumstances of the dispute or complaint.

22.  Please state whether or not Defendant has been sued by any other individuals claiming a right to recover against Defendant under Title VII of the Civil Rights Act for racial discrimination in public accommodation, please state in detail  with respect to each such lawsuit:

a.    the style of the case;

b.    the date the complaint was originally filed;

c.    whether the case was settled, dismissed, tried, or is still pending;

    d.     the court in which each such complaint was filed and/or is now pending;

    e.     the name, address, and telephone number of each Plaintiff's attorney in each such

           case.

23.    Please identify and describe in detail all documents which reflect or relate to in any fashion

the answers to interrogatories numbers 13-22, or attach a copy to your answer to these

interrogatories.

24.    If any licenses were issued for the operation of this automobile rental agency, state for

each existing license:

    a.     type of license;

    b.     name and business address of each person issuing the license;

    c.     name of the issuing body;

    d.     date of issuance;

    e.     name and address of each person to whom such license was issued;

    f.     describe each type of license received.

25.    Identify any insurance policy that cover such claims as alleged in the complaint, state;

    a.     identity of insurer;

    b.     describe in detail the terms of the document.

Dated: _7-/3-0/_

Sandra Thompson, Esquire
PA Attorney ID No. 84345
Attorney for Plaintiff

Law Office of Sandra Thompson
P.O. Box 2361
York, Pennsylvania 17405
717-845-1408

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes                          :        CIVIL ACTION NO. 1:00-CV-2003

      Plaintiff                         :
                                          :
          v.                      :
                                          :
Apple Chevrolet, Inc. et al.              :
                                          :        Judge Sylvia H. Rambo
      Defendant                         :

### ACCEPTANCE OF SERVICE

TO JUDGES OF SAID COURT:

    I, Sara A. Austin, Esquire, or authorized representative, Attorney for Defendants, do

hereby acknowledge receipt of service of Plaintiff's Interrogatories and Request for Admissions.

                        Respectfully Submitted:

                        *Ane Pieri, Receptionist*    *7/13/01*

                        Sara A Austin, Esquire
                        CGA Law Offices
                        Attorney for Defendants

*EXHIBIT B*

# THE LAW OFFICE OF SANDRA THOMPSON

------------------------------

P.O. BOX 2361, YORK, PENNSYLVANIA 17405     717-845-1408

January 28, 2002

Sara A. Austin, Esquire
CGA Law Offices
29 North Duke Street
York, Pennsylvania 17401-1282

RE:   Hanes v. Apple Chevrolet, et. al.
      Case No. 1:00-CV-2003 (Middle District of PA-Rambo)

Dear Attorney Austin:

This letter is written to advise you that Defendants have ten (10) days to provide Plaintiff with requested discovery and attached documentation. Thirty days, minus the time in which discovery was stayed, has passed since you were served with Plaintiff's discovery request.

Additionally, Mr. Hanes is willingly to entertain your request to depose him. Once you are in compliance with the rules of discovery, then provide me with three dates that you are available after 5:30pm. I will then advise you which date is acceptable to Mr. Hanes.

Thank-you for your prompt response.

Sincerely,

Sandra Thompson, Esquire
Attorney for Plaintiff

cc. Jeffrey L. Hanes, Plaintiff

EXHIBIT C



L    A    W    F  I  R  M
Countess Gilbert Andrews, PC

Sara A. Austin, Attorney
saustin@cgalaw.com
Ext. 245

February 1, 2002
(dictated 1/29/02)

Sandra Thompson, Esquire
P. O. Box 2361
York, PA  17405

Re:    **Hanes v. Apple Chevrolet, Inc. et al.**
       **Civil Action No. 1:00-CV-2003 (MDPA)**

Dear Sandra:

Enclosed please find an original Acceptance of Service of Plaintiff's Interrogatories and Request for Admission, same having been executed as counsel for Defendants.

Sincerely,

Sara A. Austin

SAA/tlr

Enclosure

cc:    Apple Chevrolet w/enclosure

EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey L. Hanes | : | CIVIL ACTION NO. 1:00-CV-2003 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Apple Chevrolet, Inc. et al. | : | |
| | : | Judge Sylvia H. Rambo |
| Defendant | : | |

## ACCEPTANCE OF SERVICE

TO JUDGES OF SAID COURT:

I, Sara A. Austin, Esquire, or authorized representative, Attorney for Defendants, do

hereby acknowledge receipt of service of Plaintiff's Interrogatories and Request for Admissions.

on 1/29/02.

Respectfully Submitted:

Sara A Austin, Esquire
CGA Law ~~Offices~~ Firm
Attorney for Defendants



L   W   F I R M
Countess Gilbert Andrews, PC

Sara A. Austin, Attorney
saustin@cgalaw.com
Ext. 245

February 4, 2002
(dictated 1/30/02)

Sandra Thompson, Esquire
P. O. Box 2361
York, PA  17405

Re:     **Hanes v. Apple Chevrolet, Inc. et al.**
        **Civil Action No. 1:00-CV-2003 (MDPA)**

Dear Sandra:

In response to your letter of January 28, 2002, you should have by now received my previous correspondence regarding response to Plaintiff's discovery and the deposition of your client.  As noted in that letter, I will provide the discovery responses to you within the appropriate time, which is thirty days after acceptance of service thereof.  Since I did not accept service until after the Court's Order requiring same, based on the Court's allowance of your continued representation of Plaintiff, the thirty days begins to run at that time.

Sincerely,

Sara A. Austin

SAA/tlr

Enclosure

cc:     Apple Chevrolet w/enclosure

*EXHIBIT E*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey L. Hanes | : | CIVIL ACTION NO. 1:00-CV-2003 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Apple Chevrolet, Inc. et al. | : | |
| | : | Judge Sylvia H. Rambo |
| Defendants | : | |

## AFFIDAVIT OF COSTS

I, Sandra Thompson, Esquire, Attorney for Plaintiff, do hereby certify that the costs for preparing and filing this motion to compel discovery is $600.00, incurred in the following manner:

1 hour – motion to compel at $100.00 per hour

2 hours - Brief, writing, copying, collating, and serving at $100.00 per hour

3 hours- Research at $100.00 per hour.

Respectfully Submitted:

DATED: _Feb. 12, 2002_

Sandra Thompson, Esquire
Attorney for Plaintiff
P.O. Box 2361
York, Pennsylvania 17405
717-845-1408

EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes                    :        CIVIL ACTION NO. 1:00-CV-2003
                                    :
        Plaintiff                   :
                                    :
            v.                      :
                                    :
Apple Chevrolet, Inc. et al.        :
                                    :        Judge Sylvia H. Rambo
        Defendants                  :

## CERTIFICATE OF NONCONCURRENCE

I, Sandra Thompson, Esquire, Attorney for Plaintiff, do hereby certify that Defendants do not

concur with Plaintiff's Motion to Compel Discovery with Request for Sanctions.

                              Respectfully Submitted:

DATED:February 12, 2002

                              Sandra Thompson, Esquire
                              Attorney for Plaintiff
                              P.O. Box 2361
                              York, Pennsylvania 17405
                              717-845-1408

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey L. Hanes | : | CIVIL ACTION NO. 1:00-CV-2003 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Apple Chevrolet, Inc. et al. | : | |
| | : | Judge Sylvia H. Rambo |
| Defendants | : | |

## **CERTIFICATE OF SERVICE**

I, Sandra Thompson, Esquire, Attorney for Plaintiff, do hereby certify that the Certificate of Nonconcurrence that is to be filed with Plaintiff's Motion to Compel Discovery with Request for Sanctions was served upon Defendants by first class, regular mail addressed in the following manner:

Sara Austin, Esquire
CGA Law Firm
29 North Duke Street
York, Pennsylvania 17401

Respectfully Submitted:

DATED:February 12, 2002

Sandra Thompson, Esquire
Attorney for Plaintiff
P.O. Box 2361
York, Pennsylvania 17405
717-845-1408