IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY L. HANES, | : | CIVIL ACTION NO. 1:00-CV-2003 |
| Plaintiff | : | |
| v. | : | |
| APPLE CHEVROLET, INC. et al. | : | Judge Sylvia H. Rambo |
| Defendant | : | |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY WITH A REQUEST FOR SANCTIONS

TO JUDGES OF SAID COURT:

AND NOW, this 12th day of February, 2002, comes Plaintiff, Jeffrey L. Hanes, by and through his counsel, Sandra I. Thompson, Esquire, and files this Brief in Support of Plaintiff's Motion to Compel Discovery with Request for Sanctions, and states the following:

### RELEVANT PROCEDURAL HISTORY

In December 2000, Plaintiff obtained counsel who, in turn, advised Defendants of such representation. Despite said notification, on July 11, 2001, Defendants served Plaintiff personally with discovery requests and did not serve Plaintiff's counsel. On July 13, 2001, Plaintiff served Defendants with discovery requests. On July 23, 2001 Defendants acknowledged service of Plaintiff's discovery requests by filing a Motion to Require Withdrawal

1

of Plaintiff's Counsel and a Motion to Quash Plaintiff's Discovery Requests. On July 24, 2001, this Honorable Court issued a stay for Defendant's response to Plaintiff's discovery requests, pending a decision on Defendant's Motion to Require the Withdrawal of Plaintiff's Counsel. On January 7, 2002, this Honorable Court denied Defendant's Motion to Require the Withdrawal of Plaintiff's Counsel. By the same order, the court vacated the stay of Defendants' response to Plaintiff's discovery requests. The time for discovery was extended until April 12, 2002. On or around January 21, 2002, Defendant subpoenaed Plaintiff's eyewitnesses for deposition. On January 28, 2002 after the requisite thirty (30) days, minus the time of the stay, to submit discovery answers, Plaintiff served Defendants with a ten day notice. In response, Defendants served Plaintiff with a copy of an Acceptance of Service that was enclosed with Plaintiff's discovery requests that was served upon Defendants on July 13, 2001. Defendants dated the form for January 29, 2002, although it was previously executed. By further letter that was dated as February 4, 2002, Defendants again refused to comply with the rules of discovery.

This brief is filed in support of Plaintiff's Motion to Compel Discovery with a Request for Sanction.

## **CONCLUSION**

On July 13, 2001, Defendants were properly served with Plaintiff's Requests for Admissions and Written Interrogatories. Service was accomplished by leaving a copy of said document with an adult that was left in charge of the attorney's office. Said adult, Rose Pierce, Receptionist, signed an Acceptance of Service on behalf of CGA Law Firm, counsel for Defendants. Defendants acknowledged that they received Plaintiff's discovery requests on or around July 13, 2001, by filing a Motion to Quash Propounded Discovery Requests on July 23, 2001. Defendants violated F.R.C.P. 26 (a) and should therefore by sanctioned under F.R.C.P. 37. Proper sanctions should include, but are not limited to: payment of attorney fees; quashing Defendants subpoenas for deposition until such time Defendants comply with discovery; ordering Defendants to answer Plaintiff's discovery requests within ten days as to minimize the detriment caused; and any other appropriate means to discourage future such actions by Defendants.

Respectfully Submitted,

DATED: February 12, 2002

Sandra Thompson, Esquire
PA Sup Ct ID No. 84345
P.O. Box 2361
York, Pennsylvania 17405
(717) 845-1408

6