IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeffrey L. Hanes,<br>    Plaintiff, | : <br> : <br> :   Case No. 1:00-CV-2003 |
| v. | : <br> :   Judge Sylvia H. Rambo |
| Apple Chevrolet, Inc., et. al.<br>    Defendants. | : <br> : |

### DEFENDANTS' MOTION TO COMPEL DEPOSITION, MOTION FOR EXTENSION OF DISCOVERY DEADLINE, AND MOTION FOR CONTEMPT & SANCTIONS

AND NOW, this _13th_ day of May, 2002, come the Defendants, Apple Chevrolet, Inc. and Terry Stewart, by and through their counsel, Blakey, Yost, Bupp & Rausch, and do file this Motion, as follows:

1. For a period of approximately two (2) weeks, Defendants' counsel was in contact with Plaintiff's counsel relative to possible dates and times for Plaintiff's deposition.

2. Plaintiff's counsel was able to provide only two (2) possible dates/times, neither of which was suitable for Defendants' counsel due to pre-existing appointments.

3. When Plaintiff's counsel was not forthcoming with other potential dates/times for Plaintiff's deposition, Defendants' counsel was forced to schedule same due to this Court's discovery deadline of May 15, 2002 and notified Plaintiff's counsel accordingly.

4. On April 26, 2002, Defendants caused to be served on Plaintiff's counsel a subpoena to depose Plaintiff on May 13, 2002, at 10:00 a.m. A copy of the subpoena, with the certificate of service by the constable serving same, is attached hereto and incorporated by reference herein as Exhibit "A".

5. Since Plaintiff's counsel maintains no legal office within the Middle District, but rather uses a Post Office box for correspondence, the subpoena was served on Plaintiff's counsel at the address where she performs her full-time job as an Assistant District Attorney.

6. As is the usual course after service of the subpoena, Defendants reserved a stenographer for the scheduled deposition.

7. At no point did Plaintiff's counsel contact Defendants' counsel to advise as to any reason for Plaintiff's inability to appear at the scheduled deposition.

8. Only during the depositions of Defendants' witnesses on May 10, 2002, did Plaintiff's counsel finally mention that a Motion to Quash would be filed due to improper service of the subpoena.

9. Despite the subpoena having been served on Plaintiff's counsel two (2) weeks prior to the deposition date, neither Plaintiff nor his counsel appeared at the scheduled time.

10. Further, neither a Motion to Quash nor any other contact was made by Plaintiff's counsel to Defendants' counsel since May 10, 2002.

11. The failure by Plaintiff and his counsel to appear at the deposition has caused Defendants to incur attorneys' fees and a cancellation fee by the stenographer.

12. Additionally, the failure by Plaintiff and his counsel to appear at the deposition has made it impossible for Defendants to depose Plaintiff prior to this Court's discovery deadline of May 15, 2002.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

- Compelling Plaintiff to submit to a deposition by Defendants at the time and place selected by Defendants, same to be prior to May 31, 2002;

- Extending the discovery deadline previously set by this Court in order to complete Plaintiff's deposition;

- Finding Plaintiff and his counsel in contempt for failure to appear at the deposition;

- Assessing sanctions against Plaintiff and his counsel, jointly and severally, for the fees and costs incurred by Defendants due to the failure of Plaintiff and his counsel to appear at the deposition, with such amounts to be paid within ten (10) days of entry of the Order; and

- For such other relief as may be just and proper.

Respectfully submitted,

BLAKEY, YOST, BUPP & RAUSCH, LLP

Dated: 5/13/02

By: _____
Sara A. Austin, Esquire
Supreme Ct. I.D. #59052
Counsel for Defendants
17 East Market Street
York, Pennsylvania 17401
Telephone (717) 845-3674
Fax No. (717) 854-7839

_AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE   DISTRICT OF   PENNSYLVANIA

JEFFREY L. HANES
V.
APPLE CHEVROLET, ET. AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   1:00-CV-2003

TO: Jeffrey L. Hanes
c/o Sandra Thompson, Esquire
P.O. Box 2361
York, PA  17405

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: Blakey, Yost, Bupp & Rausch, LLP, 17 E. Market St., York, PA | DATE AND TIME |
|---|---|
|  | 5/13/02, 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents to be referenced at the above deposition

| PLACE: | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   DATE

Counsel for Defendants   4/25/02

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sara A. Austin, Esquire, 17 E. Market St., York, PA  17401, 717-845-3674

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

RECEIVED MAY 0 1 2002

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE 4/26/02   PLACE DA's office

SERVED

SERVED ON (PRINT NAME): JUDY ELLIS

MANNER OF SERVICE: IN PERSON

SERVED BY (PRINT NAME): D. EGGITS

TITLE: PSC

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  4/26/02
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER  1762 Westwood
York PA 17403

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(3) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the

subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes,
    Plaintiff,

vi.

Apple Chevrolet, Inc., et. al.
    Defendants.

Case No. 1:00-CV-2003

Judge Sylvia H. Rambo

### CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the person and in the manner indicated below:

Service by First Class Mail addressed as follows:

Sandra Thompson, Esquire
P.O. Box 2361
York, PA 17405
    Counsel for Plaintiff

BLAKEY, YOST, BUPP & RAUSCH, LLP

By: _____
    Sara A. Austin, Esquire

Dated: 5/13/02