IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey L. Hanes | : | CIVIL ACTION NO. 1:00-CV-2003 |
| Plaintiff | : | |
| v. | : | |
| Apple Chevrolet, Inc. et al. | : | |
| | : | Judge Sylvia H. Rambo |
| Defendant | : | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO COMPEL DEPOSITION, MOTION FOR EXTENSION OF DISCOVERY DEADLINE, AND MOTION FOR CONTEMPT AND SANCTIONS**

TO JUDGES OF SAID COURT:

AND NOW, this day of 21st day of May, 2002, comes Plaintiff, Jeffrey L. Hanes, by and through his counsel, Sandra I. Thompson, Esquire, to respond to Defendants' motion and states the following:

1. Admitted. Respective counsel for Plaintiff and Defendants were engaged in back and forth communications to schedule each party's depositions.

2. Denied. Stating further:

   a. By letter dated April 10, 2002, Defendants sought to schedule depositions on April 22nd or 24th, 2002.

   b. By telephone call on and letter dated April 15, 2002, Plaintiff advised Defendants of his unavailability on April 22nd or 24th, 2002. Plaintiff provided three (3)

1

    alternative dates that he would be available, such as May 1st, 2nd, and 3rd, 2002 between 11:30am to 1:00pm on each date.

c.  On April 15, 2002, having just been served with Defendants Answer to Plaintiff's Interrogatory number 8, pursuant to the court's April 4, 2002 order, Plaintiff inquired of Defendants' availability for deposition on May 2nd, 10th, 13th, and 15th, 2002.

d.  Plaintiff further advised Defendants that depositions were expected to last one hour for each of the seven defense witnesses named, and as majority were employees, Plaintiff advised Defendants that they could set the time for each witness to appear during the day for depositions.

e.  By letter dated April 15, 2002, Defendants refused to give <u>any</u> alternative dates in response to Plaintiff's requests. Defendants further suggested that they would require Plaintiff to hold depositions of Defendants' seven witnesses on several different days.

f.  By letter dated April 16, 2002, in respect to the deposition of Plaintiff, Defendants stated their unavailability for each of Plaintiff's suggested dates. Defendants alternatively suggested the dates of April 24th and 25th, 2002, and May 8th and 9th, 2002.

g.  By letter dated April 18, 2002, Plaintiff again sought Defendants availability for depositions.

h.  On April 19, 2002, Plaintiff advised Defendants by telephone that he was available for deposition on May 8th and 9th, 2002 from 11:30am to 1:00pm.

i. On April 19, 2002, Defendants advised Plaintiff of their unavailability to depose him on May 9, 2002. Defendants again stated that there would be <u>no</u> date that they would be available to submit themselves to Plaintiff's depositions.

j. By letter dated April 22, 2002, despite prior communications between counsel, Defendants stated that they continued to await an answer from Plaintiff as to his availability for deposition.

k. On April 23, 2002, as Defendants failed to provide any alternative dates for depositions, Plaintiff made personal service upon Defendants' counsel scheduling deposition of Defendants for May 10, 2002.

   a. Plaintiff effected service by calling and making an appointment with Defendants' counsel to receive service.

   b. Furthermore in consideration of Defendants' latest stated unavailability on May 9, 2002 to depose Plaintiff, Plaintiff advised that he could submit himself on May 8, 2002 from 11:30am to 1:00pm.

   c. On April 23, 2002, for the first time, Defendants advised Plaintiff by telephone that they would not be available between 11:30am to 1:00pm, "during the lunch hour", to depose Plaintiff. However, they did not state that they were not otherwise available for May 8, 2002.

   d. On April 24, 2002, Defendants left a voicemail message for Plaintiff again stating that they have heard nothing from Plaintiff in respect to scheduling his deposition.

3

  e. On May 25, 2002, Defendants issued a subpoena for Plaintiff to appear for deposition on May 13, 2002, a date which was not previously discussed by counsel, instead of May 8, 2002.

  f. True and correct copies of letters that were referenced in the above paragraphs are attached hereto and incorporated herein, and marked as Exhibits A through I.

3. Denied in part. Admitted in part. Admitted that the court set a discovery deadline of May 15, 2002. For further answer, see answer under paragraph #2.

4. Denied in part. Admitted in part. Stating further:

  a. Admitted that Defendants subpoena for Plaintiff to appear for deposition on May 13, 2002 was served upon Judy Ellis of the York County District Attorney's Office.

  b. Denied that proper service was made or waived.

  c. Only Plaintiff's counsel is the authorized agent to receive service for Plaintiff.

  d. Plaintiff's counsel does not maintain an office for civil cases at the Office of York County District Attorney.

  e. Office of York County District Attorney does not authorize its employees to accept service in civil cases for which it is not an interested party or witness.

5. Admitted in part. Denied in part. Plaintiff's counsel maintains a home office and also maintains a legal address to receive legal papers within the Middle District of Pennsylvania. Furthermore Defendants had the opportunity to perfect service and refused, in that:

4

      a.      On April 26, 2002, as Plaintiff's counsel was before the Honorable Michael J. Brillhart for a closed juvenile proceeding, an unknown male advised court personnel that he sought to serve Plaintiff's counsel with a subpoena. He was advised to wait 20-30 minutes until the hearing was complete.

      b.      The male refused to wait and did not return.

      c.      Plaintiff's counsel found the subpoena in the interoffice mailbox at the Office of York County District Attorney.

      d.      On May 10, 2002, while dealing with other discovery issues, Plaintiff advised the court and Defendants that Defendants' attempted service was ineffective.

      e.      In response to said notification, Defendants caused an adult over the age of eighteen (18) years to respond to the place of Plaintiff's depositions, yet Defendants did not perfect service, although Plaintiff and Defendants were together for an additional six (6) hours.

      f.      See also answer to paragraph #4.

6.      Without knowledge to admit or deny if Defendants reserved a stenographer. Depositions can be recorded by various other means.

7.      Denied. See answer to paragraph #5. Also, stating further:

      a.      On May 9, 2002, Plaintiff offered Defendants the opportunity to depose Plaintiff on May 10, 2002, since all parties would be present.

      b.      On the same date, Defendants refused Plaintiff's offer.

8.      Admitted, on May 10, 2002, during a conference call with the court to address other discovery issues and in consideration of the court's February 19, 2002 order, Plaintiff

advised the court of Defendants' failed service for proposed deposition of Plaintiff and of Plaintiff's desire to quash the subpoena.

    a. Plaintiff's counsel further advised that she was scheduled to be in court during the entire morning of May 13, 2002.

    b. The Court responded that she would deal with the issue at a later date.

    c. On Friday May 10, 2002, Plaintiff's depositions extended until 5:00pm.

    d. On Monday May 13, 2002, as previously stated, Plaintiff's counsel was in court until 12:00pm.

9. Denied in part. Admitted in part. Denied that Plaintiff was properly served with a subpoena to require his appearance. Admitted Plaintiff did not appear.

10. Denied in part. Admitted in part. Denied in that Plaintiff did contact Defendants since May 10, 2002.

    a. On May 13, 2002, Plaintiff contacted Defendants in an effort to schedule the deposition of Plaintiff.

    b. Defendants refused to schedule the deposition of Plaintiff.

11. Without knowledge or information to admit or deny. Strict proof demanded.

12. Denied. The deposition of Plaintiff could have been scheduled for May 14th and/or May 15th, 2002.

13. Plaintiff was not deposed by May 15, 2002, because Defendants refused Plaintiff's offer.

14. Defendants' claims that they had no other means to effect service upon Plaintiff is without merit.

     a. Defendants could have called Plaintiff's counsel to meet to effect personal service of their subpoena, in the same way as did Plaintiff's counsel.

     b. Defendants could have mailed said subpoena to Plaintiff's counsel.

15. Besides ineffective service of subpoena, as provided by Fed. R. Civ. Proc. 45, Defendants did not provide Plaintiff with a Notice of Deposition as required by Fed. R. Civ. Proc. 30(b)(6).

16. Defendants failed to file a Statement of Concurrence or Nonconcurrence with its motion.

17. Defendants failed to file a brief in support of its motion.

     WHEREFORE, the Plaintiff, through counsel, respectfully request that this Honorable Court deny Defendants' Motion to Compel Deposition, Motion for Extension of Discovery Deadline, and Motion for Contempt and Sanctions. Plaintiff further requests that this Honorable Court reconsider and vacate its order of May 14, 2002.

     Respectfully Submitted:

Sandra Thompson, Esquire
Attorney for Plaintiff
PA ID 84345

Law Office of Sandra Thompson
P.O. Box 2361
York, Pennsylvania 17405
717-845-1408

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeffrey L. Hanes | : CIVIL ACTION NO. 1:00-CV-2003 |
| Plaintiff | : |
| v. | : |
| Apple Chevrolet, Inc. et al. | : |
| | : Judge Sylvia H. Rambo |
| Defendant | : |

## CERTIFICATE OF SERVICE

I, Sandra Thompson, Esquire, counsel for Plaintiff, do hereby certify that I have served Defendants a true and correct copy of Plaintiff's Answers to Defendant's Motion To Compel Deposition, Motion For Extension Of Discovery Deadline, And Motion For Contempt And Sanctions by postage prepaid first class mail, addressed as follows:

> Sara A Austin, Esquire
> Blakey, Yost, Bupp, and Rausch, LLP
> 17 East Market Street
> York, Pennsylvania 17401

Respectfully Submitted:

DATED: May 21, 2002

Sandra Thompson, Esquire
Counsel for Plaintiff
PA ID No. 84345
P.O. Box 2361
York, Pennsylvania 17405
717-845-1408

ALBERT G. BLAKEY
DAVID WM. BUPP
DONALD B. HOYT
CHARLES A. RAUSCH
SARA A. AUSTIN
STACEY R. MACNEAL
PENNY V. AYERS
JOHN J. BARANSKI, JR.
ROBERT O. BEERS+
DONALD H. YOST+
 +OF COUNSEL

LAW OFFICES
BLAKEY, YOST, BUPP & RAUSCH, LLP
17 EAST MARKET STREET
YORK, PENNSYLVANIA 17401

TELEPHONE (717) 845-3674
FACSIMILE (717) 854-7839

PLEASE CORRESPOND TO YORK OFFICE

DILLSBURG OFFICE:
104 SOUTH BALTIMORE STREET
DILLSBURG, PA 17019
(717) 502-8256

April 10, 2002

Dictated April 4, 2002

Sandra Thompson, Esquire
P.O. Box 2361
York, PA  17405

    Re:    **Hanes v. Apple Chévrolet, Inc., et al.**
            **MDPA No. 1:CV-00-2003**

Dear Sandra

Based on the Judge's April 4, 2002 Order, I am again attempting to schedule the deposition of your client. Please advise which of the following days and times is best;

- April 22, 2002, in the afternoon; or
- April 24, 2002, in the afternoon;

If I do not hear back from you within a few days from the date of this letter, I will be forced to schedule the deposition without your input.

Very truly yours,

Sara A. Austin
BLAKEY, YOST, BUPP & RAUSCH, LLP

cc:    Mr. Terry Stewart

Exhibit A

# THE LAW OFFICE OF SANDRA THOMPSON
---------------------------------

P.O. BOX 2361, YORK, PENNSYLVANIA 17405          717-845-1408

April 15, 2002

Sara A. Austin, Esquire
Blakey, Yost, Bupp & Rausch, LLP
17 East Market Street
York, Pennsylvania 17401

**RE:   Hanes v. Apple Chevrolet, et al**

Dear Attorney Austin:

   In response to your letter that is dated April 10, 2002, Plaintiff is unavailable on either date. However, <u>at present</u>, Plaintiff is available for a deposition on either May 1st, 2nd, or 3rd, 2002 from 11:30am to 1:00pm.

   Additionally, I advised you by letter that was dated for March 15, 2002 that your scheduling of depositions of Plaintiff's witnesses violated the court's order. However, I have since discovered that you proceeded with depositions of Plaintiff's witnesses despite the court's order prohibiting you.

   Furthermore, on April 4, 2002, as well as just granting leave for the scheduling of any deposition, the court also instructed you to answer question number 8 of Plaintiff's Interrogatories "now". A week has past. You have again failed to abide by the court's order and have violated the rules of discovery. However, you have found time to schedule a deposition for Plaintiff. The term "now" implies immediacy, please comply with the court's order by April 17, 2002.

   The Plaintiff answered Defendant's Interrogatory #4, because the named doctor is being called as a treating physician, not as an expert. However, Plaintiff continues his efforts to obtain a curriculum vitae and some type of report from the doctor.

   Also, pursuant to the court's April 4, 2002 order, enclosed please find Plaintiff's Request for Production of Documents. The York City Human Relation's Commission has failed to provide Plaintiff with a copy of the discovery that was forwarded to your office in or around February 2002, in answer to a subpoena.

Sincerely,

Sandra Thompson, Esquire
Attorney for Plaintiff

Jeffrey L. Hanes
Enclosures

Exhibit B

# THE LAW OFFICE OF SANDRA THOMPSON

--------------------------------

P.O. BOX 2361, YORK, PENNSYLVANIA 17405            717-845-1408

April 15, 2002

<u>HAND-DELIVERED</u>
Sara A. Austin, Esquire
Blakey, Yost, Bupp & Rausch, LLP
17 East Market Street
York, Pennsylvania 17401

RE:    Hanes v. Apple Chevrolet, et al

Dear Attorney Austin:

On this date, I have received Defendants partial supplemented answers to Plaintiff's Interrogatory number 8. Please be advised that I intend to schedule depositions from 8:30am until 5:30pm at 1165 East Prospect Street, York, Pennsylvania 17403 on one of the following dates: Thursday May 2, 2002; Friday May 10, 2002; Monday May 13, 2002; or Wednesday May 15, 2002.

Please advise which date is most convenient for your client. If Defendants are unavailable for any of the above-listed dates, then please suggest an alternative date that is within the time allowed for discovery.

As you have listed the address of Apple Chevrolet for five to seven witnesses, I assume that you desire to be the contact person for each such witness. The time for each witness' deposition is expected to last one (1) hour. If you request a certain time during the scheduled day for a witness' deposition, then please advise.

A response before Friday, April 19, 2002 is required. After such time, I am constrained to schedule such depositions without your input.

Sincerely,

Sandra Thompson, Esquire
Attorney for Plaintiff

Cc. Jeffrey L. Hanes

LAW OFFICES
BLAKEY, YOST, BUPP & RAUSCH, LLP
17 EAST MARKET STREET
YORK, PENNSYLVANIA 17401

TELEPHONE (717) 845-3674
FACSIMILE (717) 854-7839

PLEASE CORRESPOND TO YORK OFFICE

April 15, 2002

ALBERT G. BLAKEY
DAVID WM. BUPP
DONALD B. HOYT
CHARLES A. RAUSCH
SARA A. AUSTIN
STACEY R. MACNEAL
PENNY V. AYERS
JOHN J. BARANSKI, JR.
ROBERT O. BEERS+
DONALD H. YOST+
+OF COUNSEL

DILLSBURG OFFICE
104 SOUTH BALTIMORE STREET
DILLSBURG, PA 17019
(717) 502-8256

Sandra Thompson, Esquire
P.O. Box 2361
York, PA 17405

Re:   Hanes v. Apple Chevrolet, Inc., et al.
      MDPA No. 1:CV-00-2003

Dear Attorney Thompson:

I am in receipt of both of your letters dated 4/15/02, one of which was delivered in the morning and the other in the afternoon. I will respond to them *seriatim*:
➢ I will advise as to whether May 2nd or 3rd is satisfactory to my client for the deposition of your client;
➢ Defendants' deposition of the four (4) witnesses did not violate the Court's Order. They were rescheduled pursuant to Court Order after I provided to you Defendants' discovery responses;
➢ Even if you are calling a doctor "only as a treating physician", he is still an expert. I expect you to respond to discovery in the manner provided by the F.R.C.P. and pursuant to the Court's Order;
➢ The Court directed that Defendants produce copies of what was received from the YHRC only if same were not attainable by Plaintiff. Plaintiff has the same subpoena capacity as do Defendants; indeed, your letter even mentioned that you subpoenaed the documents. Therefore, I anticipate filing an objection to your discovery unless you provide me with correspondence from the YHRC noting that it will not comply with the subpoena. On the other hand, if you are willing to pay for the copying costs associated with the documents, I will gladly provide a copy of the documents produced by the YHRC in response to my subpoena; and
➢ As to the potential deposition dates mentioned in your second letter, be advised that I am unable to block out whole days on the listed dates as I already have other scheduled matters. If you would provide the names of the persons you intend to depose and the potential times, I will check the availability of my calendar and that of the witness, along with that of the corporate

Exhibit D (1 of 2)

April 15, 2002
Page 2

Defendant's principal. However, I can tell you that the depositions will most likely need to take place on more than one day.

Very truly yours,

Sara A. Austin
BLAKEY, YOST, BUPP & RAUSCH, LLP

cc:     Apple Chevrolet (w/encl.)

LAW OFFICES
BLAKEY, YOST, BUPP & RAUSCH, LLP
17 EAST MARKET STREET
YORK, PENNSYLVANIA 17401

ALBERT G. BLAKEY
DAVID WM. BUPP
DONALD B. HOYT
CHARLES A. RAUSCH
SARA A. AUSTIN
STACEY R. MACNEAL
PENNY V. AYERS
JOHN J. BARANSKI, JR.
ROBERT O. BEERS+
DONALD H. YOST+
 +OF COUNSEL

TELEPHONE (717) 845-3674
FACSIMILE (717) 854-7839

PLEASE CORRESPOND TO YORK OFFICE

April 16, 2002

DILLSBURG OFFICE
104 SOUTH BALTIMORE STREET
DILLSBURG, PA 17019
(717) 502-8256

Sandra Thompson, Esquire
P.O. Box 2361
York, PA 17405

    Re:   Hanes v. Apple Chevrolet, Inc., et al.
           MDPA No. 1:CV-00-2003

Dear Attorney Thompson:

    This letter is in follow-up to my letter of 4/15/02 relative to the possible date and time for the deposition of your client. The dates you have mentioned are unavailable for my client. Accordingly, please advise which of the following dates and times is best for your client's deposition:
- April 24, 2002, afternoon;
- April 25, 2002, morning or afternoon;
- May 8, 2002, morning or afternoon; or
- May 9, 2002, morning or afternoon.

In addition to responding to the foregoing, **please provide your office phone number so that I might correspond with you more easily.** Thank you.

Very truly yours,

Sara A. Austin
BLAKEY, YOST, BUPP & RAUSCH, LLP

cc:    Apple Chevrolet

Exhibit E

# THE LAW OFFICE OF SANDRA THOMPSON
--------------------------------

P.O. BOX 2361, YORK, PENNSYLVANIA 17405          717-845-1408

April 18, 2002

<u>HAND-DELIVERED</u>
Sara A. Austin, Esquire
Blakey, Yost, Bupp & Rausch, LLP
17 East Market Street
York, Pennsylvania 17401

RE:   **Hanes v. Apple Chevrolet, et al**
      1:00-CV-2003

Dear Attorney Austin:

      This letter is written to confirm my telephone call to you and in response to your letters that are dated for April 15 and 16, 2002.

      I have contacted Plaintiff to determine his availability for May 8th or 9th, 2002 for the hours of 11:30am to 1:00pm. He advises that after checking his schedule, he shall have an answer by tomorrow. I will notify you accordingly.

      My appearance has been entered with the same telephone number for approximately a year. Your practice has been to schedule depositions and to file motions without making prior contact with me. Before you complain that you cannot contact me by telephone, first you must try. If the court can contact me by telephone, I am certain that you are capable.

      My responses to your conduct of depositions of Plaintiff's witnesses and to Plaintiff's calling of his doctor remain.

      By order dated April 4, 2002, the court ordered Defendants to answer Plaintiff's Interrogatory that requested copies of documents that you said were held by York City Human Relations Commission. To clarify my April 15, 2002 letter, since you were confused by a comma splice: the documents referred to are the same documents that were in your possession at the time of Plaintiff's discovery request, because they were copied to you in answer to your subpoena. Plaintiff advised you pursuant to the April 4, 2002 court order that York City Human Relations Commission has failed to provide copies of the same documents to Plaintiff. Plaintiff's Request for Production of Documents requires Defendants to produce certain documents that are within Defendants' possession for copying by the Plaintiff.

1

Plaintiff will schedule depositions of Defendants witnesses on one day from 8:30am until 5:30pm. Plaintiff gave you the courtesy to have input in the scheduling of said date. Plaintiff further extended his courtesy to allow you to contribute to the setting of times during said date that Apple Chevrolet employees would be deposed.

You responded by stating that Defendants are not available for any days. Please be advised that I intend to schedule depositions from 8:30am until 5:30pm at 1165 East Prospect Street, York, Pennsylvania 17403 on one of the following dates: Thursday May 2, 2002; Friday May 10, 2002; Monday May 13, 2002; or Wednesday May 15, 2002. The time for each witness' deposition is expected to last one (1) hour. The decision of whether or not you will be present during the entire time for depositions is to be made by you and your client.

If, by Friday April 19, 2002, I do not receive a suggested date that is on or before May 15, 2002 that your client can be deposed, then I will schedule said depositions without your input.

Sincerely,

Sandra Thompson, Esquire
Attorney for Plaintiff

Cc. Jeffrey L. Hanes

LAW OFFICES
BLAKEY, YOST, BUPP & RAUSCH, LLP
17 EAST MARKET STREET
YORK, PENNSYLVANIA 17401

ALBERT G. BLAKEY
DAVID WM. BUPP
DONALD B. HOYT
CHARLES A. RAUSCH
SARA A. AUSTIN
STACEY R. MACNEAL
PENNY V. AYERS
JOHN J. BARANSKI, JR.
ROBERT O. BEERS+
DONALD H. YOST+
 +OF COUNSEL

TELEPHONE (717) 845-3674
FACSIMILE (717) 854-7839

PLEASE CORRESPOND TO YORK OFFICE

April 22, 2002

DILLSBURG OFFICE
104 SOUTH BALTIMORE STREET
DILLSBURG, PA 17019
(717) 502-8256

Sandra Thompson, Esquire
P.O. Box 2361
York, PA 17405

Re: Hanes v. Apple Chevrolet, Inc., et al.
MDPA No. 1:CV-00-2003

Dear Attorney Thompson:

I am still waiting to hear from you relative to the date and time for the deposition of your client. We are now running up against the Court's discovery deadline, such that I must have a response from you as soon as possible. Please advise which of the following dates and times is best for your client's deposition:
➢ May 8, 2002, morning or afternoon; or
➢ May 9, 2002, afternoon.

I thank you in advance for your anticipated timely reply.

Very truly yours,

Sara A. Austin
BLAKEY, YOST, BUPP & RAUSCH, LLP

cc: Apple Chevrolet

# THE LAW OFFICE OF SANDRA THOMPSON
-------------------------------

P.O. BOX 2361, YORK, PENNSYLVANIA 17405          717-845-1408

April 22, 2002

HAND-DELIVERED
Sara A. Austin, Esquire
Blakey, Yost, Bupp & Rausch, LLP
17 East Market Street
York, Pennsylvania 17401

RE: Hanes v. Apple Chevrolet, et al
    1:00-CV-2003

*[Handwritten note: 4/23/02 3:10p received original subpoenas for Stewart, Hall, Sargen, Kigle, Sargen    Sad]*

Dear Attorney Austin:

This letter is written pursuant to your telephone message of April 19, 2002. Considering the time constraints for continue discovery and since you have not given alternative dates of availability for deposition of Defendants' witnesses, enclosed are subpoenas (and copies) for depositions that are scheduled for May 10, 2002.

You further advised that you are no longer available to depose Plaintiff on May 9, 2002. Therefore, Plaintiff is available for deposition on May 8, 2002 from 11:30am until 1:00pm.

Also, I received your latest subpoena for a third party witness. However, I never received a copy of the subpoena that you issued to the York City Human Relation's Commission. Please forward a copy to me.

Thank you.

                                        Sincerely,

                                        *[signature]*
                                        Sandra Thompson, Esquire
                                        Attorney for Plaintiff

Cc. Jeffrey L. Hanes

Enclosures

LAW OFFICES
# BLAKEY, YOST, BUPP & RAUSCH, LLP
17 EAST MARKET STREET
YORK, PENNSYLVANIA 17401

ALBERT G. BLAKEY
DAVID WM. BUPP
DONALD B. HOYT
CHARLES A. RAUSCH
SARA A. AUSTIN
STACEY R. MACNEAL
PENNY V. AYERS
JOHN J. BARANSKI, JR.
ROBERT O. BEERS+
DONALD H. YOST+
 +OF COUNSEL

TELEPHONE (717) 845-3674
FACSIMILE (717) 854-7839

PLEASE CORRESPOND TO YORK OFFICE

April 25, 2002

DILLSBURG OFFICE:
104 SOUTH BALTIMORE STREET
DILLSBURG, PA 17019
(717) 502-8256

Sandra Thompson, Esquire
P.O. Box 2361
York, PA  17405

    Re:    Hanes v. Apple Chevrolet, Inc., et al.
            MDPA No. 1:CV-00-2003

Dear Sandra:

Since I did not hear from you prior to the close of business on 4/25/02, as per the message I left for you, you are now being served with a subpoena for the deposition of your client as noted. Please proceed accordingly.

Very truly yours,

Sara A. Austin
BLAKEY, YOST, BUPP & RAUSCH, LLP

cc:    Apple Chevrolet (w/encl.)

Exhibit I