2 TO G

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
MAY 2 4 2002
MARY E. D'ANDREA, CLERK

Jeffrey L. Hanes,
  Plaintiff,

v.

Apple Chevrolet, Inc., et. al.
  Defendants.

Case No. 1:00-CV-2003

Judge Sylvia H. Rambo

## BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION TO COMPEL DEPOSITION,
## MOTION FOR EXTENSION OF DISCOVERY DEADLINE,
## AND MOTION FOR CONTEMPT & SANCTIONS

AND NOW, this 23rd day of May, 2002, come the Defendants, Apple Chevrolet, Inc. and Terry Stewart, by and through their counsel, **Blakey, Yost, Bupp & Rausch, LLP**, and do file this Brief in Support of their previously filed Motion, as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

This Court entered an Order requiring that all discovery be completed on or before May 15, 2002. Defendants wished to depose Plaintiff as part of their discovery. Accordingly, for a period of approximately two (2) weeks, Defendants' counsel was in contact with Plaintiff's counsel relative to possible dates and times for Plaintiff's deposition. Some documents related to such contacts were attached to Plaintiff's Answers to Motion to Compel, which document was dated May 21, 2002. Plaintiff's counsel was able to provide only two (2) possible dates, with the permissible time for the deposition between the hours of 11:30 a.m. – 1:00 p.m. on either date. Neither date, between those hours, was suitable for Defendants' counsel due to pre-existing appointments.

When Plaintiff's counsel was not forthcoming with other potential dates or times for Plaintiff's deposition, despite one or more letters and/or phone calls from Defendants' counsel, the latter was forced to schedule the deposition due to this Court's discovery deadline of May 15, 2002.

On April 26, 2002, Defendants caused to be served on Plaintiff's counsel a subpoena to depose Plaintiff on May 13, 2002, at 10:00 a.m. A copy of the subpoena, with the certificate of service by the constable serving same, was attached to Defendants' Motion to Compel as exhibit "A" thereto and is incorporated by reference herein. As Plaintiff's counsel maintains no fixed office within the Middle District, but rather uses only a Post Office box for correspondence, the subpoena was served on Plaintiff's counsel at the address where she practices law on a full-time basis as an Assistant District Attorney. The subpoena was served seventeen (17) days prior to the scheduled deposition, sufficient time for both Plaintiff and his counsel to rearrange their schedules (if necessary) and to permit this Court's May 15th discovery deadline to be met.

As is usual after service of a subpoena, Defendants reserved a stenographer for the scheduled deposition. At no point after service of the subpoena did Plaintiff's counsel contact Defendants' counsel to advise as to any reason that Plaintiff might not appear at the scheduled deposition. <u>Only during the deposition of Defendants' witnesses on May 10, 2002, the last business day prior to Plaintiff's scheduled deposition on May 13, 2002, and fourteen (14) days after service of the subpoena on Plaintiff's counsel, did Plaintiff's counsel mention that a Motion to Quash would be filed due to alleged improper service of the subpoena.</u>

Based on counsel's representation the previous Friday, and despite the late notice of same, Defendants' counsel was expecting delivery of a Motion to Quash prior to Plaintiff's scheduled deposition time on Monday, May 13, 2002. However, no such pleading was received, nor did Plaintiff or his counsel appeared at the scheduled time. [Defendants' note that despite the representation on May 10, 2002 that a Motion to Quash would be filed, Plaintiff filed no such pleading with this Court, and only addressed the issue when required to respond to Defendants' Motion to Compel.]

The failure by Plaintiff and his counsel to appear at the deposition caused Defendants to incur attorneys' fees (for attendance at the deposition) and a Fifty ($50.00) Dollar cancellation fee by the stenographer. Additionally, the failure by Plaintiff and his counsel to appear at the deposition made it impossible for Defendants to depose Plaintiff prior to this Court's discovery deadline of May 15, 2002, necessitating Defendants to incur attorneys' fees and/or costs for the preparation and filing of Defendants' Motion to Compel and this Brief in Support (along with any hearings that might be required by this Court relative to said Motion and Brief). Finally, the failure of Plaintiff and his counsel to appear at the scheduled deposition caused Defendants to incur additional attorneys fees for preparation of another subpoena and additional costs for a constable to serve that subpoena on Plaintiff's counsel.

On May 14, 2002, Defendants' filed their Motion to Compel Deposition, Motion for Extension of Discovery Deadline, and Motion for Contempt & Sanctions. This Court thereafter issued an Order extending the discovery deadline for the deposition of Plaintiff and requiring that same be held prior to May 31, 2002. This is Defendants' Brief in Support of their Motion.

## ISSUES PRESENTED

WHETHER DEFENDANTS EFFECTUATED PROPER SERVICE OF THE SUBPOENA ON PLAITFF'S COUNSEL?

Suggested response: in the affirmative.

WHETHER THE FAILURE OF PLAINTFF AND HIS COUNSEL TO APPEAR AT THE SCHEDULED TIME IS EVIDENCE OF CONTEMPT OF THIS COURT SUBJECT TO SANCTION?

Suggested response: in the affirmative.

## LEGAL ARGUMENT

A. DEFENDANTS PROPERLY SERVED THE DEPOSITION SUBPOENA ON PLAINTIFF'S COUNSEL

As set forth above, Plaintiff's counsel does not --within her private practice-- maintain an office for service of process in this District with an address other than a Post Office box, such failure being a violation of Local Rule 83.11.1. Plaintiff's counsel's letterhead and pleadings all contain only a Post Office box address; likewise, the Office of the Clerk of the Middle District of Pennsylvania also has only the Post Office box address as Plaintiff's counsel's address. A subpoena (or any other document, for that matter) cannot be served on a Post Office box.

However, Plaintiff's counsel does have an address for her full-time practice of criminal law in this District, same being at the Office of the District Attorney for York County. When Defendants required service of the subpoena for Plaintiff's deposition, same was served at the address where Plaintiff's counsel practices on a full-time basis.

F.R.C.P. 45(b)(2) provides, in relevant part, that a subpoena may be served any place within the District. Accordingly, service of the subpoena for Plaintiff's deposition on Plaintiff's counsel at the address for her full-time practice of law is proper service.

B. THE FAILURE OF PLAINTFF AND HIS COUNSEL TO APPEAR AT THE SCHEDULED DEPOSITION IS AN ACT IN CONTEMPT OF THIS COURT SUBJECT TO SANCTION

F.R.C.P. 30(b)(1) provides, in relevant part, that a party taking a deposition shall provide reasonable notice in writing, such notice to include the time and place of the deposition, as well as the deponent's name and address. The subpoena, which served as the deposition notice, contained all required information. Additionally, it was served on Plaintiff's counsel on April 26, 2002, seventeen (17) days prior to the scheduled deposition date of May 13, 2002. Plaintiff was certainly afforded reasonable notice of the deposition.

F.R.C.P. 37(d)(1) provides, in relevant part, that if a party fails to appear at a deposition after proper service, the Court may fashion an appropriate Order, including finding the party in contempt. Further, the Court may also require the party <u>and/or the party's counsel</u> to pay the other side's reasonable expenses, including attorneys' fees, caused by the party's failure to appear. Local Rule 83.3.1(b) provides, in relevant part, that a failure to comply with an Order of Court may result in the assessment of costs against the party's counsel. Further, Local Rule 37.1 provides (in relevant part) that in addition to the sanctions set forth in L.R. 83.3, the Court may impose sanctions as it sees just, including reasonable expenses and attorneys' fees, if there is an abuse of the discovery process by resisting discovery. Lastly, F.R.C.P. 45(e) provides (in relevant part) that a failure to obey a subpoena without excuse is to be deemed a contempt of the Court.

In the instant case, the conduct of Plaintiff and his counsel have violated the aforementioned Rules, as follows:

➢ The subpoena was served on Plaintiff's counsel seventeen (17) days prior to the scheduled deposition. This certainly constitutes reasonable notice, such that this Rule is satisfied;

➢ F.R.C.P. 37(d)(1) permits the Court to find the party who did not appear to be in contempt if the subpoena was properly served. As discussed in Section A, *supra*, the subpoena was properly served on Plaintiff's counsel, such that the failure by Plaintiff and his counsel to appear at the scheduled time may lead this Court to find both Plaintiff and his counsel in contempt. Further, based on the finding of contempt, this Court may also require Plaintiff and/or his attorney, jointly or severally, to pay the reasonable attorneys' fees and costs incurred by Defendants as a result of the failure to appear by Plaintiff and his counsel;

➢ L.R. 83.3.1(b) and L.R. 37.1 also permit this Court to impose sanctions against Plaintiff and/or his counsel as a result of the failure to appear at the scheduled deposition, such sanctions to include reasonable attorneys' fees and costs. While L.R. 37.1 deals with sanctions in a situation of

discovery abuse via resisting discovery, same is met here by the failure of Plaintiff and his counsel to appear at the scheduled deposition with no reason for such failure; and

> F.R.C.P. 45(e) permits a finding of contempt of Court for a failure to obey a subpoena without excuse. Under the Rule, the only adequate excuse is if the subpoena is directed to a non-party and it concerns something outside the limits of the Rule. That clearly is not the case here.

It is clear that the failure by Plaintiff and his counsel to appear at the scheduled deposition is an act in contempt of this Court. Further, such act should subject both Plaintiff and counsel to sanctions in the nature of the attorneys' fees and costs incurred by Defendants as a result of the failure to appear.

## CONCLUSION

The facts are clear: (a) a subpoena for Plaintiff's deposition was properly served on Plaintiff's counsel at the office where she maintains a full-time practice of law; (b) service of the subpoena occurred seventeen (17) days prior to the scheduled deposition date; (c) not until three (3) days prior to the deposition (during Plaintiff's deposition of Defendants' witnesses) did Plaintiff's counsel mention that a Motion to Quash the subpoena would be filed; (d) no such Motion was ever filed by Plaintiff; and (e) both Plaintiff and his counsel failed to appear at the scheduled deposition. Both Plaintiff and his counsel have violated the Federal Rules of Civil Procedure and the Local Rules of this Court, such that a finding of contempt and imposition of sanctions, jointly and severally, is appropriate.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

• Reaffirming the earlier Order compelling Plaintiff to submit to a deposition by Defendants at the time and place selected by Defendants, same to be prior to May 31, 2002;

- Reaffirming the earlier Order extending the discovery deadline previously set by this Court in order to complete Plaintiff's deposition;

- Finding Plaintiff and his counsel in contempt for failure to appear at the noticed deposition;

- Assessing sanctions against Plaintiff and his counsel, jointly and severally, for the fees and costs incurred by Defendants due to the failure of Plaintiff and his counsel to appear at the noticed deposition, with such amounts to be paid within ten (10) days of entry of the Order; and

- For such other relief as may be just and proper.

Respectfully submitted,

BLAKEY, YOST, BUPP & RAUSCH, LLP

By: _____
Sara A. Austin, Esquire
Supreme Ct. I.D. #59052
Counsel for Defendants
17 East Market Street
York, Pennsylvania 17401
Telephone (717) 845-3674
Fax No. (717) 854-7839

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeffrey L. Hanes,<br>    Plaintiff, | :<br>: |
| | : Case No. 1:00-CV-2003 |
| vi. | :<br>: Judge Sylvia H. Rambo |
| Apple Chevrolet, Inc., et. al.<br>    Defendants. | :<br>: |

### CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the person and in the manner indicated below:

<u>Service by First Class Mail addressed as follows:</u>

Sandra Thompson, Esquire
P.O. Box 2361
York, PA  17405
      Counsel for Plaintiff

                              BLAKEY, YOST, BUPP & RAUSCH, LLP

                        By: _____
                              Sara A. Austin, Esquire

Dated: __5/23/02__