ORIGINAL
*≥to Cr w/o*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes,                          :
        Plaintiff,                   :
                    :     Case No. 1:00-CV-2003
vi.                     :
                    :     Judge Sylvia H. Rambo
Apple Chevrolet, Inc., et. al.  :
        Defendants.               :

FILED
HARRISBURG, PA

MAY 8 1 2002

MARY E. D'ANDREA, CLE
Per _____ *S/8*

## DEFENDANTS' MOTION TO COMPEL METRO PUBLIC ADJUSTMENT, INC. TO ANSWER INTERROGATORIES AND RESPOND TO REQUEST FOR PRODUCTION OF DOCUMENTS, AND MOTION FOR CONTEMPT & SANCTIONS

AND NOW, this _____ day of _____, 2002, come the Defendants, Apple Chevrolet, Inc. and Terry Stewart, by and through their counsel, Blakey, Yost, Bupp & Rausch, and do file this Motion pursuant to FRCP 37(a)(2)(B), as follows:

1.     On April 15, 2002, Defendants' counsel served on Metro Public Adjustment, Inc. (hereinafter "Metro") a Subpoena with Interrogatories and Request for Production of Documents. Copies of those documents are collectively attached as **Exhibit A.**

2.     The Interrogatories and Request for Production of Documents each contained a notice for Metro to respond to the respective discovery requests within thirty (30) days.

3.     The discovery requests were sent by Certified Mail, Return Receipt Requested, and the signed receipt was dated April 17, 2002. A copy of the mailing and return receipt card is attached as **Exhibit B.**

4.     Metro's responses were due on or before May 17, 2002.

5.    On May 22, 2002, a call was placed to Metro by Defendants' counsel's paralegal, inquiring as to when Metro's responses might be forthcoming.  The caller was told that the operator did not know to whom the call should be given, but took the caller's name and number and said she would see that proper person from Metro would return the call.

6.    On May 23, 2002, another call was placed to Metro by Defendants' counsel's paralegal.  When asked to speak to the same individual to whom she spoke the day before, the operator went off line for a while, and then said she would put the caller through to that individual. The call, however, was put through to a voice mail, and a specific message as to the purpose of the call was left by the paralegal.

7.    On May 24, 2002, a third call was placed to Metro by Defendants' counsel's paralegal.  This time, the operator identified herself as Nicole.  The paralegal told Nicole that since no one seemed to have information on the subpoena and discovery requests, she was faxing a copy of the subpoena, discovery requests, and return mailing receipt card to Nicole's attention for presentation to the proper individual at Metro and that if no response was forthcoming by early the next week, Defendants would have no recourse but to file a Motion to Compel.

8.    On May 24, 2002, copies of the Subpoena, Interrogatories, Request for Production of Documents, and return receipt card were faxed to the number furnished by Nicole, and to her attention at Metro.

9.    To date, no response of any kind has been received from Metro.

10.    For the foregoing reasons, Defendants believe that Metro will not respond to the Subpoena and answer the Interrogatories and Request for Production of Documents absent a Court order pursuant to FRCP 37(a)(2)(B).

WHEREFORE, Defendants respectfully request this Honorable Court to enter an Order as follows:

(a)     Directing Metro to file full and complete answers to its Interrogatories, and produce the records requested, within ten (10) days of the date of the Order.

(2)     Imposing sanctions upon Metro pursuant to FRCP 37(a)(4)(A), for expenses incurred by Defendants in making this Motion.

BLAKEY, YOST, BUPP & RAUSCH, LLP

By: _____
        Sara A. Austin, Esquire
        Supreme Court ID #59052
        17 East Market Street
        York, PA 17401
        Telephone (717) 845-3674
        Fax No. (717) 854-7839
        Counsel for Defendants

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes,              :
      Plaintiff,           :
                           :     Case No. 1:00-CV-2003
vii.                     :
                           :     Judge Sylvia H. Rambo
Apple Chevrolet, Inc., et. al.   :
      Defendants.       :

## CERTIFICATE OF SERVICE

     I hereby certify that I have this day caused a copy of the foregoing document to be served upon the following persons in the manner indicated:

     Service by First Class Mail addressed as follows:

Office of the President
Metro Public Adjustment, Inc.
One Greenwood Square, Suite 1
Bensalem, PA  19020

Sandra Thompson, Esquire
P.O. Box 2361
York, PA  17405
(Counsel for Plaintiff)

BLAKEY, YOST, BUPP & RAUSCH, LLP

By: _____
      Norma M. Doll, Paralegal

Dated: _____5/30/02_____

**EXHIBIT A**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE       DISTRICT OF       PENNSYLVANIA

JEFFREY L. HANES            **SUBPOENA IN A CIVIL CASE**
V.
APPLE CHEVROLET, ET. AL.

Case Number:[1]    1:00-CV-2003

TO:   Metro Public Adjustment, Inc.
One Greenwood Square, Suite 1
Bensalem, PA 19020

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

PLACE OF TESTIMONY | COURTROOM
--- | ---
 | DATE AND TIME

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| DATE AND TIME
--- | ---

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Attached Interrogatories propounded by Defendants. within 30 days of service.
Attached Request for Production of Documents requested by Defendants, within 30 days of service.

Any and all documents to be referenced at the above deposition

PLACE: Blakey, Yost, Bupp & Rausch, LLP, 17 E. Market St., York, PA | DATE AND TIME
--- | ---

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES | DATE AND TIME
--- | ---

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     DATE

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sara A. Austin, Esquire           4/15/02
17 East Market Street             Date
York, PA 17401

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| April 15, 2002 | One Greenwood Square, Suite 1, Bensalem, PA 19020 |

SERVED

SERVED ON:

Metro Public Adjustment, Inc

SERVED BY (PRINT NAME)

Norma M. Doll

MANNER OF SERVICE

Certified Mail – Restricted Delivery

TITLE

Paralegal

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE

April 15, 2002

SIGNATURE OF SERVER

ADDRESS OF SERVER

17 East Market Street, York, PA 17401

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

### (3) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes,                               :
              Plaintiff,               :

                           :      Case No. 1:00-CV-2003

v.                                              :

                           :      Judge Sylvia H. Rambo

Apple Chevrolet, Inc., et. al.                  :
              Defendants.             :

To:    Metro Public Adjustment, Inc.
        One Greenwood Square, Suite 1
        Bensalem, PA  19020

AND NOW, this ___15th___ day of April, 2002, come the Defendants, Apple Chevrolet, Inc. and Terry Stewart, and  by their attorneys, Blakey, Yost, Bupp & Rausch, pursuant to Federal Rules of Civil Procedure request Metro Public Adjustment, Inc. to produce the documents set forth below for inspection, examination and copying, at the offices of Blakey, Yost, Bupp & Rausch, 17 East Market Street, York, Pennsylvania, 17401, not later than thirty (30) days after service of this Request.

As used in this request, the term "document" or "documents" shall mean, without limitation, written or graphic matter, however produced or reproduced of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, including but not limited to; papers, books, letters, correspondence, telegraphs, cables, telex messages, memoranda, notes, drawings, charts, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews or of conferences or other meetings,  affidavits,

statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations,

summaries, sound recordings, computer printouts, data processing input and output, micro-films, all other records kept by electronic, photograph or mechanical means, and things similar to any of the foregoing, however denominated by you or anyone else.

As used in this Document Request the words "you" or "your" shall mean or refer to the person or persons to whom this Request is directed, their legal counsel, and any and all other persons or entities acting on behalf of or in a representative capacity for the person or persons to whom this Request is directed, including insurers.

## DOCUMENTS REQUESTED

1.    Copies of all documents relative to a seminar/conference held in Philadelphia on November 14, 1998, including but not limited to, all documents with reference to the title of the seminar, its location, titles, dates and times of all sessions, amount of payment of registration fees, how the seminar was advertised or publicized, manner of registration and whether one could attend without registering, and all written materials distributed or available to attendees.

2.    A list of all individuals who registered at the door and those who attended but did not register.

3.    All documents relating to any other seminars/conferences sponsored by Metro within one year prior to and one year after the November 14, 1998, conference including, but not limited to, title of the seminar, its location, cost, identity of the speakers or presenters and methods of publicizing or advertising the seminars.

4.      If Metro paid for a rental van to transport individuals from York to and from the November 14, 1998, seminar, please provide copies of all documents relating to the rental of the van, identity of the persons transported, and the reason Metro paid for the transportation.

5.      All documents regarding Jesse Pohlig's relationship to or with Metro in 1998, including November 13 and November 14.

6.      All documents regarding Jesse Pohlig's role relative to the November 14, 1998, seminar.

7.      All documents regarding the relationship of Jeffrey L. Hanes, Mark Green, Lionel Weathers and Dimitrius Tomboris to or with Metro both prior to and subsequent to November 14, 1998.

Respectfully submitted,

BLAKEY, YOST, BUPP & RAUSCH, LLP

Dated: _4/15/02_                    By: _____

Sara A. Austin, Esquire
Supreme Ct. I.D. #59052
Counsel for Defendants
17 East Market Street
York, Pennsylvania 17401
Telephone (717) 845-3674
Fax No. (717) 854-7839

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

Jeffrey L. Hanes,            :
       Plaintiff,         :
                            :    Case No. 1:00-CV-2003
vi.                         :
                            :    Judge Sylvia H. Rambo
Apple Chevrolet, Inc., et. al.   :
       Defendants.    :

**PROOF OF SERVICE**

I hereby certify that I am this day serving the foregoing document upon the person and in the manner indicated below, which service satisfies the requirements of Fed. LR 4.2:

<u>Service by First Class Mail addressed as follows:</u>

    Metro Public Adjustment, Inc.
    One Greenwood Square, Suite 1
    Bensalem, PA 19020

                        BLAKEY, YOST, BUPP & RAUSCH, LLP

                        By: _____
                                Sara A. Austin, Esquire

*copy mailed to
Atty Thompson 4/17/02*

Dated: ____4/15/02____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes,                          :
      Plaintiff,                     :
                                           :          Case No. 1:00-CV-2003
v.                                         :
                                           :          Judge Sylvia H. Rambo
Apple Chevrolet, Inc., et. al.,            :
      Defendants.                    :

To:    Metro Public Adjustment, Inc.
       One Greenwood Square, Suite 1
       Bensalem, PA  19020

## DEFENDANT APPLE CHEVROLET, INC.'S INTERROGATORIES
## DIRECTED TO METRO PUBLIC ADJUSTMENT, INC.

### A. DEFINITIONS AND INSTRUCTIONS

THESE INTERROGATORIES ARE TO BE ANSWERED PURSUANT TO THE PROVISIONS OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IT IS REQUESTED THAT TWO (2) COPIES OF THE ANSWERS BE SENT TO THE DEFENDANTS' ATTORNEY.

THESE INTERROGATORIES ARE CONTINUING AND ANY INFORMATION SECURED SUBSEQUENT TO THE FILING OF YOUR ANSWERS, WHICH WOULD HAVE BEEN INCLUDED IN THE ANSWERS HAD IT BEEN KNOWN OR AVAILABLE ARE TO BE SUPPLIED BY SUPPLEMENTAL ANSWERS.

YOU ARE FURTHER INSTRUCTED THAT YOU MUST RESPOND TO EACH INTERROGATORY IN THE SPACE PROVIDED. IF THE SPACE IS INADEQUATE, YOU MAY RETYPE THE INTERROGATORIES OR MAY USE A SUPPLEMENTAL SHEET

FOR THE REMAINDER OF YOUR RESPONSE. YOU MUST SERVE THE ANSWERS TO THESE INTERROGATORIES ON THE DEFENDANTS BY RETURNING TO THE UNDERSIGNED THE ORIGINAL AND ONE COPY WITHIN THIRTY (30) DAYS AFTER THE SERVICE OF THE INTERROGATORIES UPON YOU, ACCORDING TO FEDERAL RULES OF CIVIL PROCEDURE.

1.    As used herein, "documents" include any written, recorded or graphic matter however produced or reproduced including but not limited to correspondence, telegrams, other written communications, contracts, agreements, notes, reports, memoranda, photographs, tape recordings or any other writings, including copies of any of the foregoing now in the possession, custody or control of the Plaintiff, his counsel, and all persons acting on his behalf.

2.    As used herein, "identify" or "identity" when used in reference to any individual person means to state his/her full name and present address, his/her present known position or business affiliation, and his/her telephone number. "Identify" or "identity" when used in reference to a document means to state the date and the author, type of document (e.g., letter, memorandum, telegram, chart, photograph, etc.) or some other means of identifying, and its present location or custodian.

3.    As used herein, the word "statement" includes a written statement signed or otherwise adopted or proved by the person making it. It also includes a stenographer, mechanical, electrical, or other recording or a transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

4.    As used herein, the word "representative" includes the attorney for the party and any consultant, surety, indemnitor, insurer, agent, adjuster or investigator for the party or party's insurer.

5.      Whenever the word "you" appears hereinafter, and whenever the designation of the party served with these Interrogatories appears hereinafter, and whenever any person or entity is referred to hereinafter, such word, designation, person or entity shall be construed to mean not only the party served with these Interrogatories, other person or entity in his, her, its, or their own right, but also his, her, its, or their agents, servants, workmen, representative, employees or attorneys.

Respectfully submitted,

BLAKEY, YOST, BUPP & RAUSCH, LLP

Dated: _4/15/02_                         By: _____

Sara A. Austin, Esquire
Supreme Ct. I.D. #59052
Counsel for Defendants
17 East Market Street
York, Pennsylvania 17401
Telephone (717) 845-3674
Fax No. (717) 854-7839

## B.  INTERROGATORIES

    1.     With reference to a seminar/conference held in Philadelphia on November 14, 1998 (hereafter "seminar"), please furnish the following:

    (a)     The title of the seminar.
    (b)     The location.
    (c)     All dates, times and titles of each session.
    (d)     How and where the seminar was advertised or publicized.
    (e)     The manner of registration, the registration fee or cost, and whether it was possible to attend without registering.
    (f)     Identity of all speakers or presenters.
    (g)     Description of all written materials distributed and/or available to the attendees.

## ANSWER

2.      With reference to each person from York, Pennsylvania, attending the seminar referred to in the above Interrogatory, please furnish:

(a)      The name, address and phone number of each attendee.
(b)      The date and sessions attended.
(c)      The manner of registration, amount and manner of payment of the registration fee.

ANSWER

3.    Please identify any other seminars/conferences sponsored by Metro within one year prior to and one year following the November 14, 1998, seminar, including the title, location, cost, speakers and method of publicity/advertising.

ANSWER

4.    How do registrants/attendees normally travel to these seminars if they are not held in the attendees' place of residence?

ANSWER

5.    Has Metro ever paid for the cost of transportation for registrants/attendees to attend seminars outside of their city of residence?

ANSWER

6.      Did Metro pay for a rental van to transport persons from York, Pennsylvania, to and from the November 14, 1998, seminar and, if so, identify the individuals scheduled to go, state why these individuals were scheduled, and why Metro paid for the transportation?

ANSWER

7.      How did Metro decide from whom to rent the van on November 13, 1998, who was the authorized driver, how was that driver selected, and by whom was he authorized to drive the van?

ANSWER

8.      What was Jesse Pohlig's relationship to or with Metro in 1998, including the dates of November 13 and November 14?

ANSWER

9.      What role did Jesse Pohlig play relative to the November 14, 1998 seminar?

ANSWER

10.     What was the relationship of Jeffrey L. Hanes, Mark Green, Lionel Weathers and Dimitrius Tomboris to or with Metro on November 14, 1998, as well as prior to and subsequent to that date?

ANSWER

**EXHIBIT B**



U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.72 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | 3.00 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.32 |

Postmark
Here

4/15/02

Sent To
Metro Public Adjustment, INc.
Street, Apt. No.; or PO Box No.
One Greenwood Square, Suite 1
City, State, ZIP+4
Bensalem, PA   19020

See Reverse for Instructions

PS Form 3800, May 2000

7000 2870 0000 1370 2346

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Metro Public Adjustment, Inc.
One Greenwood Square, Suite 1
Bensale, PA   19020

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X _____
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

APR 17 2002

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)

7000 2870 0000 1370 2346

PS Form 3811, July 1999       Domestic Return Receipt       102595-00-M-0952