

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY L. HANES,<br>    Plaintiff, | Case No. 1:00-CV-2003 |
| v. | Judge Rambo |
| APPLE CHEVROLET, INC. and TERRY STEWART, President/Owner, Jointly and Severally,<br>    Defendants | |

FILED
HARRISBURG, PA

JUN 0 3 2002

MARY E. D'ANDREA, CLERK
Per _____

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

AND NOW, this 31st day of May 2002, come the Defendants, Apple Chevrolet and Terry Stewart, by and through their counsel, Sara A. Austin, Esq., **Blakey, Yost, Bupp & Rausch, LLP,** and do file this Motion for Summary Judgment, as follows:

1. On November 14, 2000, Jeffrey L Hanes (hereinafter "Plaintiff") filed in this Court a *pro se* Complaint against Apple Chevrolet Inc. (hereinafter "Apple") and Terry Stewart (hereinafter "Stewart")(hereinafter jointly "Defendants").

2. On December 11, 2001, Defendants filed an Answer and Affirmative Defenses.

3. No response to the Affirmative Defenses has ever been filed by Plaintiff.

4. The deadline set by this Court for the close of discovery was May 15, 2002, except for the deposition of Plaintiff (which took place May 24, 2002).

5. Defendants believe, and therefore aver, there is no genuine issue of material fact and that they are entitled to judgment in their favor as a matter of law. In support thereof,

Defendants incorporate by reference herein their Statement of Uncontested Material Facts, same being filed concurrently with this Motion.

6. Further, Defendants believe, and therefore aver, that Plaintiff has not and cannot establish the existence of each element on which he bears the burden of proof.

7. Plaintiff can show the first and second elements necessary to the success of his claim, that he is a member of a protected class and that that he attempted to make, enforce or secure the performance of a contract.

8. Plaintiff cannot show the third and fourth elements necessary to the success of his claim (that he was denied the right to make, enforce or secure the performance of a contract and that said opportunity to make, enforce or secure the performance of a contract for like goods or services remained available to similarly situated persons outside the protected class) in that

    a. Plaintiff received the benefit of his contract and only one day was charged for the rental despite Plaintiff returning the vehicle late, and

    b. There is no customer of any race or ethnicity who has been similarly situated – a late arrival followed by unruly behavior and loud angry conduct resulting in an employee of Apple having to call the police -- but treated any differently than Plaintiff was allegedly treated.

9. Plaintiff has no evidence that Defendants' nondiscriminatory explanation for Plaintiff's alleged treatment is pretextual.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order: (1) granting Defendant's Motion for Summary Judgment, (2) dismissing Plaintiff's Complaint with prejudice, and (3) for such other relief as may be just and proper.

Respectfully submitted,

_____
Sara A. Austin
Sup. Ct. ID 59052
**Blakey Yost Bupp & Rausch, LLP**
17 E. Market St.
York, PA 17401
(717) 845-3674
Defendants' counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes,
    Plaintiff,

v.

Apple Chevrolet, Inc., et. al.
    Defendants.

Case No. 1:00-CV-2003

Judge Sylvia H. Rambo

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the person and in the manner indicated below:

<u>Service by First Class Mail addressed as follows:</u>

Sandra Thompson, Esquire
P.O. Box 2361
York, PA  17405
    Counsel for Plaintiff

BLAKEY, YOST, BUPP & RAUSCH, LLP

By: _____
    Sara A. Austin, Esquire

Dated: 5/31/02

4