UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY L. HANES,
    Plaintiff,

v.

APPLE CHEVROLET, INC. and TERRY
STEWART, President/Owner, Jointly and
Severally,
    Defendants

Case No. 1:00-CV-2003

Judge Rambo

FILED
HARRISBURG, PA

JUN 0 3 2002

MARY E. D'ANDREA, CLERK
Per _____

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

AND NOW, this 31st day of May 2002, come the Defendants, Apple Chevrolet and Terry Stewart, by and through their counsel, Sara A. Austin, Esq., **Blakey, Yost, Bupp & Rausch, LLP**, and do file this Brief in Support of Motion for Summary Judgment, as follows:

### I. PROCEDURAL HISTORY

On 11/14/00, Jeffrey L Hanes (hereinafter "Plaintiff") filed in this Court a *pro se* Complaint against Apple Chevrolet Inc. (hereinafter "Apple") and Terry Stewart (hereinafter "Stewart")(hereinafter jointly "Defendants"). On 12/11/01, Defendants filed an Answer and Affirmative Defenses. [NOTE: Plaintiff has never filed any Response to the Affirmative Defenses.] The deadline set by this Court for the close of discovery has passed. Defendants are concurrently filing their Statement of Uncontested Material Facts and a Motion for Summary Judgment; this is Defendants' Brief in Support of said Motion.

1

## II.     **STATEMENT OF FACTS**[1]

Jesse Pohlig (hereinafter "Pohlig"), on behalf of Metro Public Adjustment, reserved a van for use by Plaintiff, Jeffrey L. Hanes (hereinafter "Plaintiff") and others for travel to and from a seminar near Philadelphia on 11/14/98. Pohlig reserved the van by providing his credit card number to Defendant Apple Chevrolet (hereinafter "Apple") for payment of any rental charges. Plaintiff picked up the van on 11/13/98 while Kathy Sargen (hereinafter "Sargen"), an Apple employee, was working behind the rental counter. When Plaintiff picked up the van, Sargen told him that the van had to be back by 4:00 p.m. on 11/14/98 due to another customer's prior reservation. After being told the return time and being given the chance to ask Sargen any questions he might have had, Plaintiff signed the Rental Agreement, which Agreement clearly noted the return time of 4:00 p.m. on 11/14/98.

Plaintiff and the other passengers left the seminar around 2:00 or 3:00 p.m. to return to York. Despite Apple having told him to the contrary, Plaintiff told the others in the van that the van had to be returned by 5:00 p.m. During the return trip from the seminar on 11/14/98, and after 3:30 p.m., Plaintiff contacted Joann Hall (hereinafter "Hall"), the Apple employee working in the rental area at the time, and notified her that Plaintiff would be late returning the van due to traffic. During Plaintiff's remaining travel back to Apple's premises to return the van, he had several conversations with Hall, which conversations included the following statements: (a) Hall told Plaintiff that he would be charged an extra day's rental due to the late return; (b) Plaintiff responded that he would keep the van an extra day if he were being charged for an extra day; and (c) Hall thereafter agreed to waive the late fee if Plaintiff brought the van back immediately since another customer was waiting for the van.

---

[1] All supporting documentation for the facts set forth herein is listed in and enclosed with Defendants' Statement of Undisputed Material Facts, which document is being filed concurrently with this Brief.

Despite the noted 4:00 p.m. return time and the various conversations between Plaintiff and Hall, the van had not even been returned by 5:00 p.m. Plaintiff returned the van after a 5:13 p.m. phone call to Hall. Because Plaintiff was later than agreed at the time of actual return of the van, Hall had been instructed by her manager to notify Plaintiff that he would be charged the extra day as a late fee, and she did so. A verbal disagreement between Plaintiff and Hall ensued over the extra day's billing, which disagreement took place while the other passengers who had been in the van with Plaintiff and John Shriver (hereinafter "Shriver"), a customer waiting for the van, were all in the rental area. At some point, Plaintiff's voice got loud. Further, Hall and Plaintiff began talking over each other and not allowing each other to finish sentences. Soon thereafter, Shriver was given the keys to the van and a manager showed him to the van, whereupon Shriver left the premises.

Not being able to calm down Plaintiff by herself, Hall called in Matt Kugle (hereinafter "Kugle"), the manager on duty at that time. Kugle recognized Plaintiff from having attended the same high school years prior. Kugle attempted to diffuse the situation but was unable to do so. When Kugle was unable to calm down Plaintiff, he asked Plaintiff to leave the premises. Kugle further notified Plaintiff that the matter as to the rental charges would be worked out the following Monday. Plaintiff not only refused to leave the premises, but continued the loud disagreement. After notifying Plaintiff that he would call the police, and with Plaintiff agreeing to such action, Kugle did indeed contact the police.

Plaintiff had left Apple's premises by the time the police responded to the call. Therefore, the police criminally cited Plaintiff by mail for disorderly conduct. Defendants subsequently attempted to have the police dismiss the criminal charges, but were told that the police would not do so. Plaintiff, Dimitrios Tomboris (one of the van's passengers), Hall and the police officer all

3

testified at the District Justice hearing held as a result of the police citation. At the District Justice hearing, Plaintiff testified that he did not hear Hall say "black ass" but knew that she wanted to. After the hearing, the District Justice found Plaintiff guilty of the criminal charge of disorderly conduct and assessed a fine and costs against Plaintiff.

Pohlig, who was responsible for payment of any rental fees for the van, was only charged for one day's rental. Plaintiff himself incurred no expense as a result of the van rental. Further, only on 10/1/99, almost one year after the fact, did Plaintiff consult a physician about headaches he was experiencing allegedly as a result of the incident on 11/14/98. However, Plaintiff has no medical evidence connecting his headaches to the alleged incident on 11/14/98.

Plaintiff is a clearly a member of a protected class, being an African-American. Plaintiff also attempted to and did secure performance of the Rental Agreement with Apple, in that he actually rented the van from Apple and had use of it during the contract term 11/13/98 – 11/14/98. There has been no other loud, angry customer in Apple's rental department prior to Plaintiff. Further, no other customer of any race has ever been as unruly on Apple's premises as was Plaintiff on 11/14/98. Other than on 11/14/98 for the situation caused by Plaintiff, no employee of Apple has ever been forced to summon the police due to a customer's behavior.

Finally, Plaintiff has incurred no lost wages as a result of the alleged incident on November 14, 1998, in that he received paid vacation time for any hearings or other matters requiring his attendance.

4

### III. STATEMENT OF QUESTIONS INVOLVED

    A.    WHETHER THERE ARE ANY GENUINE MATERIAL FACTS IN DISPUTE?

    Suggested answer: in the negative.

    B.    WHETHER PLAINTIFF HAS ESTABLISHED A PRIMA FACIE CASE OF RACIAL DISCRIMINATION?

    Suggested answer: in the negative.

(balance of page intentionally left blank)

IV. **ARGUMENT**

A. **There are no genuine material facts in dispute.**

The standard of review for summary judgment for this court was stated in Singh v. Walmart, U.S. Dist. LEXIS 8531 (E.D. Pa. 1999), *aff'd without opinion*, 225 F.3d 650 (3rd Cir. 2000):

> In considering a motion for summary judgment, a court determines whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Arnold Pontiac-GMC, Inc., v. General motors Corp., 786 F.2d 564, 568 (3rd Cir. 1986). Only facts that may affect the outcome of a case are "material." Anderson, 477 U.S. at 248. All reasonable inferences from the record are drawn in favor of the non-movant. Id. At 256.

Singh, U.S. Dist. LEXIS 8531 at *2-3. The discovery period set by this Court expired on 5/15/02 (other than for the taking of Plaintiff's deposition, for which this Court extended the time to 5/31/02). The facts as set forth above and in Defendants' Statement of Undisputed Material Facts, which document is being filed concurrently with this Brief and which is incorporated by reference herein, clearly show that summary judgment in favor of Defendants is appropriate, such that this Court should grant Defendants' Motion and dismiss Plaintiff's Complaint with prejudice.

B. **Plaintiff has failed to establish all elements of his prima facie case.**

> Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof. J.F. Feeser, Inc.. v. Serv-a-Portion, 909 F.2d 1524, 1531 (3rd Cir. 1990) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), *cert. den'd.*, 499 U.S. 921 (1991)). A plaintiff cannot avert summary judgment with speculation or conclusory allegations, but rather must present evidence from which a jury could reasonably find in his favor. Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 252 (3rd Cir. 1999).

6

Singh, U.S. Dist. LEXIS 8531 at *2-3. After establishment of an absence of any issue of genuine fact, "the non-movant must then establish the existence of each element on which it bears the burden of proof." Id. (*citing* J.F. Feeser, Inc. v. Serv-a-Portion, Inc., 909 F.2d 1524, 1531 (3rd Cir. 1990); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), *cert. den'd*, 499 U.S. 921 (1991). A plaintiff cannot avert summary judgment with speculation or conclusory allegations, but rather must present evidence from which a jury could reasonably find in his favor. Id. (*citing* Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 252 (3rd Cir. 1999)).

In Singh, the court said that to establish the elements of a prima facie case under §1981, a plaintiff must show that 1) he is a member of a protected class, 2) he attempted to make, enforce or secure the performance of a contract, 3) he was denied the right to do so, and 4) the opportunity to make, enforce or secure the performance of a contract for like goods or services remained available to similarly situated persons outside the protected class. Id. at *17. Plaintiff clearly fulfills the first two (2) elements: he is a member of a protected class and his relationship with Apple was contractual. However, Plaintiff does not fulfill the third and fourth elements, and as such his claim must fail.

The third element Plaintiff must prove is that he attempted to make, enforce or secure the performance of a contract and was denied the right to do so. This element is impossible for Plaintiff to prove in that he had already received the benefit of his contract (rental of the van) at the time of the incident alleged in the Complaint. Further, Pohlig, the party responsible for payment under the contract, was not even required to pay an extra day's charge despite the late rental return by Plaintiff. "A section 1981 plaintiff must point to a specific fact of denial of contract right to survive summary judgment." Singh at *16 (citing Morris v. Office Max, 89 F.3d

7

411, 414 (7th Cir. 1996)). The third element cannot be proven, such that Plaintiff's prima facie case fails and summary judgment in favor of Defendants is appropriate.

Additionally, Plaintiff's claim fails under the fourth element: Plaintiff has failed to provide evidence of any similarly situated persons outside the protected class who continue to have access to rights which Plaintiff allegedly has been denied. As explained in <u>Singh</u>, "similarly situated" means "similar in all respects." In <u>Singh,</u> the plaintiff attempted to return an out-of-warranty VCR to the defendant store and was refused. <u>Id</u>. at *5. The plaintiff then purchased an identical VCR and, upon deciding that he didn't want the VCR, went back to the store the next day and attempted to return the new VCR. <u>Id</u>. at *6. The clerk suspected that the plaintiff had switched VCRs and refused to credit the return, after which plaintiff filed a discrimination claim against the store under §1981. <u>Id</u>. at *9, 12. In considering the store's motion for summary judgment, the <u>Singh</u> court reasoned that the plaintiff had failed to establish a prima facie case because he had failed to demonstrate preferential treatment of persons similarly situated in all material respects to himself:

> Plaintiff seeks to compare himself simply to other customers at the Fairless Hills store who were attempting to return or exchange merchandise on December 20, 1997. Defendant argues with force, however, that there is no evidence any other customer had attempted to return an out-of-warranty appliance, purchased another identical appliance and then again attempted to make a return the next day at the same store in the presence of an employee who witnessed the events of the prior day and had been alerted to a conversation in which the customer or his companion discussed replicating the purchase and using the new receipt to do a swap. Plaintiff has not identified another customer of any race or ethnicity who was similarly situated in "all relevant respects."

Singh at *19-20.

It is simply impossible for the Plaintiff herein to show any other customer of any race or ethnicity who has been similarly situated but treated in any different way. The Statement of

8

Undisputed Material Facts bears this out. Therefore, Plaintiff's claim fails and summary judgment for Defendants is appropriate.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's claim is insufficient to survive this Motion for Summary Judgment. There are no undisputed material facts and Plaintiff has not met the burden of showing all necessary elements of his prima facie case.

WHEREFORE, Defendants Terry Stewart and Apple Chevrolet respectfully request that this Honorable Court enter an Order: (1) granting Defendant's Motion for Summary Judgment, (2) dismissing Plaintiff's Complaint with prejudice, (3) awarding Defendants their costs and fees as may be appropriate under the circumstances; and (4) for such other relief as may be just and proper.

                                        Respectfully submitted,

                                        Sara A. Austin
                                        Sup. Ct. ID 59052
                                        **Blakey, Yost, Bupp & Rausch, LLP**
                                        17 E. Market St.
                                        York, PA 17401
                                        (717) 845-3674
                                        Defendants' counsel

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes,
    Plaintiff,

v.

Apple Chevrolet, Inc., et. al.
    Defendants.

Case No. 1:00-CV-2003

Judge Sylvia H. Rambo

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the person and in the manner indicated below:

Service by first class mail on:

    Sandra Thompson, Esquire
    P.O. Box 2361
    York, PA 17405

BLAKEY, YOST, BUPP & RAUSCH, LLP

Date: 5/31/02

By: _____
Sara A. Austin, Esquire