ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY L. HANES,
    Plaintiff,

v.

APPLE CHEVROLET, INC. and TERRY
STEWART, President/Owner, Jointly and
Severally,
    Defendants

Case No. 1:00-CV-2003

Judge Rambo

FILED
HARRISBURG, PA

JUN 03 2002

MARY E. D'ANDREA, CLERK
Per _____

### DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

AND NOW, this 31st day of May 2002, come the Defendants, Apple Chevrolet and Terry Stewart, by and through their counsel, Sara A. Austin, Esq., **Blakey, Yost, Bupp & Rausch, LLP**, and do file this Statement of Undisputed Material Facts[1], as follows:

1. Jesse Pohlig (hereinafter "Pohlig"), on behalf of Metro Public Adjustment, reserved a van for use by Plaintiff, Jeffrey L. Hanes (hereinafter "Plaintiff") and others to travel to and from a seminar near Philadelphia on 11/14/98.[2]

2. Pohlig reserved the van by providing his credit card number to Defendant Apple Chevrolet (hereinafter "Apple") for payment of any rental charges.[3]

3. Plaintiff picked up the van on 11/13/98 while Kathy Sargen (hereinafter "Sargen") was working behind the rental counter.[4]

4. When Plaintiff picked up the van, Sargen told him that the van had to be back by 4:00 p.m. on 11/14/98 due to another customer's prior reservation.[5]

5. After being told the return time and being given the chance to ask Sargen any questions he might have had, Plaintiff signed the Rental Agreement, which Agreement also noted the return time of 4:00 p.m. 11/14/98.[6]

6. Plaintiff and the other passengers left the seminar around 2:00 or 3:00 p.m. to return to York.[7]

7. Despite Apple having told him to the contrary, Plaintiff told the others in the van that the van had to be returned by 5:00 p.m.[8]

8. During the return trip from the seminar on 11/14/98, and after 3:30 p.m., Joann Hall (hereinafter "Hall"), an employee of Apple, contacted Plaintiff, who notified her at that time Plaintiff would be late returning the van due to traffic.[9]

9. During Plaintiff's remaining travel back to Apple's premises to return the van, he had several conversations with Hall, which conversations included the following statements:

    a. Hall told Plaintiff that he would be charged an extra day's rental due to the late return.[10]

    b. Plaintiff responded that he would keep the van an extra day if he were being charged for an extra day[11]; and

    c. Hall thereafter agreed to waive the late fee if Plaintiff brought the van back immediately since another customer was waiting for the van.[12]

10. Despite the 4:00 p.m. return time, the van had not even been returned by 5:00 p.m. on November 14, 1998.[13]

11. Plaintiff returned the van after a 5:13 p.m. phone call in which he notified Hall that he had filled the gas tank and was only a short distance away.[14]

2

12. Because Plaintiff was later than agreed at the time of actual return of the van, Hall had been instructed by her manager to notify Plaintiff that he would be charged the extra day as a late fee, and she did so.[15]

13. There was a verbal disagreement between Plaintiff and Hall over the extra day's billing, which disagreement took place while John Shriver (hereinafter "Shriver"), a customer waiting for the van, and the other passengers who had been in the van with Plaintiff were in the rental area.[16]

14. At some point, Plaintiff's voice got loud.[17]

15. Further, Hall and Plaintiff began talking over each other and not allowing each other to finish sentences.[18]

16. Soon thereafter, Shriver was given the keys to the van and a manager showed him to the van, whereupon Shriver left the premises.[19]

17. Hall called in Matt Kugle (hereinafter "Kugle"), the manager on duty, because she could not calm down the Plaintiff.[20]

18. Kugle recognized Plaintiff from having attended the same high school years prior.[21]

19. Kugle attempted to diffuse the situation but was unable to do so.[22]

20. Kugle further notified Plaintiff that the matter as to the rental charges would be worked out later.[23]

21. After notifying Plaintiff that he would call the police, and with Plaintiff agreeing to such action, Kugle did indeed contact the police.[24]

22. Plaintiff had left Apple's premises by the time the police responded to the call.[25]

3

23. The police criminally cited Plaintiff by mail for disorderly conduct.[26]

24. Defendants attempted to have the police dismiss the criminal charges, but were told that the police would not do so.[27]

25. Hanes, Tomboris, Hall and the police officer all testified at the District Justice hearing resulting from the police citation.[28]

26. At the District Justice hearing, Plaintiff testified that he did not hear Hall say "black ass" but knew that she wanted to.[29]

27. After the hearing, the District Justice found Plaintiff guilty of the criminal charge of disorderly conduct and assessed a fine and costs against Plaintiff.[30]

28. Pohlig, who was responsible for payment of the rental fee for the van was only charged for one day's rental.[31]

29. Plaintiff incurred no charge as a result of the van rental.[32]

30. On 10/1/99, almost one year after the van was returned, Plaintiff consulted a physician about headaches he was having.[33]

31. Plaintiff filed this suit against Defendants on 11/14/00.[34]

32. Plaintiff is a member of a protected class, being an African-American.[35]

33. Plaintiff attempted to and did secure performance of the Rental Agreement with Apple, in that he actually rented the van from Apple and had use of it during the contract term 11/13/98 – 11/14/98.[36]

34. There has been no other loud, angry customer in the rental department prior to Plaintiff.[37]

35. Further, no other customer of any race has ever been as unruly as was Plaintiff on 11/14/98.[38]

4

36. Other than on 11/14/98 for the situation caused by Plaintiff, no employee of Apple has ever been forced to summon the police due to a customer's behavior.[39]

37. Plaintiff has no medical evidence connecting his headaches to the alleged incident on November 14, 1998.[40]

38. Plaintiff has incurred no lost wages as a result of the alleged incident on November 14, 1998, in that he received paid vacation time for any hearings or other matters requiring his attendance.[41]

Respectfully submitted,

Sara A. Austin
Sup. Ct. ID 59052
**Blakey Yost Bupp & Rausch, LLP**
17 E. Market St.
York, PA 17401
(717) 845-3674
Defendants' counsel

---

[1] Supporting evidence for each noted fact is listed in an endnote and either attached as an exhibit matching the paragraph number of the fact or, if not currently available due to the timing of receipt of a deposition transcript, will be filed upon receipt thereof from the stenographer.

[2] 5/24/02 deposition of Jeffrey L. Hanes (hereinafter "Hanes deposition"), p. 12.

[3] Hanes deposition, p.12; Plaintiff's Response to Defendants' Request for Admission #2.

[4] Hanes deposition, p. 16-17; 5/10/02 Deposition of Kathy Sargen (hereinafter "Sargen deposition"), p. 11,24.

[5] Hanes deposition, p. 17; Sargen deposition, p. 24-25.

[6] Hanes deposition, p. 18. Also, a true and correct copy of the Rental Agreement is attached under this tab and incorporated by reference herein.

[7] 4/4/02 Deposition, of Dimitrios Tomboris (hereinafter "Tomboris deposition"), p. 13-14.

[8] Tomboris deposition, pp. 13-14; 4/4/02 Deposition of Lionel Weathers (hereinafter "Weathers deposition"), p. 10; 4/4/02 deposition of Mark Green (hereinafter "Green deposition"), p.9.

[9] Hanes deposition, p. 22; 5/10/02 Deposition of Joann Hall (hereinafter "Hall deposition"), p. 33.

[10] Hall deposition, p. 36;

[11] Hall deposition, p. 37.

[12] Hall deposition, p. 37-38.

[13] Hanes deposition, p. 23; Tomboris deposition, p.14; Weathers deposition, p. 13.

[14] Hanes deposition, p. 23-24; Plaintiff's Response to Defendants' Request for Production #19 (which phone records are also attached under this tab and incorporated by reference herein).

---

[15] Hanes deposition, p. 27; Hall deposition, p. 64; Sargen deposition, p. 27,33.

[16] Hanes deposition, p. 27-27; Hall deposition, p. 60-61, 64-66; Tomboris deposition, pp 15-16; 5/10/02 Deposition of Matt Kugle (hereinafter "Kugle deposition"), p. 25; Plaintiff's Response to Defendants' Request for Admission #11.

[17] Hanes deposition, p. 28; Hall deposition, p. 45-46; Weathers deposition, p. 15; Tomboris deposition, p. 21; Green deposition, p. 11; 4/4/02 Deposition of Steven Jones (hereinafter "Jones deposition"), p. 10.

[18] Hall deposition, p. 46;

[19] Hall deposition, p. 53.

[20] Hall deposition, p. 38; Kugle deposition, p. 25-27.

[21] Kugle deposition, p. 63-64.

[22] Hanes deposition, p. 29-30; Tomboris deposition, p. 23; Weathers deposition, p.15; Green deposition, p.13; Jones deposition, pp. 12-13; Hall deposition, p. 49-50; Kugle deposition, p. 34; Sargen deposition, p. 35-38.

[23] Kugle deposition, p. 27.

[24] Hanes deposition, p. 30; Tomboris deposition, pp. 23, 24; Weathers deposition, p.15; Green deposition, pp. 13, 15; Jones deposition, pp. 12-13; Kugle deposition, p. 36-37.

[25] Hanes deposition, p. 33.

[26] Hanes deposition, p. 33. A true and correct copy of the police citation (provide as part of Plaintiff's Response to Defendants' Request fro Production #12) is also attached under this tab and incorporated by reference herein.

[27] 5/10/02 Deposition of Terry Stewart (hereinafter "Stewart deposition"), p. 60-61.

[28] Hanes deposition, p. 33-34.

[29] Hanes deposition, p. 35.

[30] Hanes deposition, p. 35.

[31] Tomboris deposition, p. 11; Sargen deposition, p. 34.

[32] Hanes deposition, p. 31-32.

[33] Hanes deposition, p. 35; Plaintiff's Response to Defendants' Request for Production #18..

[34] The Court is requested to take judicial notice of the filing date of the Complaint.

[35] Complaint, Paragraph 1; Hanes deposition, p. 4.

[36] Hanes deposition, p. 16-17,23.

[37] Sargen deposition, P. 38-39.

[38] Kugle deposition, p. 32.

[39] Kugle deposition, p. 32.

[40] Hanes deposition, p. 36.

[41] Hanes deposition, p. 37-38.

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeffrey L. Hanes,<br>    Plaintiff,<br><br>v.<br><br>Apple Chevrolet, Inc., et. al.<br>    Defendants. | :<br>:<br>:   Case No. 1:00-CV-2003<br>:<br>:   Judge Sylvia H. Rambo<br>:<br>: |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the foregoing document on the person and in the manner indicated below:

Service by first class mail on:

   Sandra Thompson, Esquire
   P.O. Box 2361
   York, PA 17405

                                    BLAKEY, YOST, BUPP & RAUSCH, LLP

Date:  5/31/02              By: _____
                                    Norma M. Doll, Paralegal