IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes             :        CIVIL ACTION NO. 1:00-CV-2003
                             :
        Plaintiff            :
                             :
        v.                   :
                             :                          **FILED**
                             :                    HARRISBURG, PA
Apple Chevrolet, Inc. et al. :
                             :                       JUN 1 0 2002
        Defendant            :        Judge Sylvia H. Rambo
                             :                    MARY E. D'ANDREA, C
                                                  Per _____
                                                       Deputy Clerk

<u>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
DEPOSITION, MOTION FOR EXTENSION OF DISCOVERY DEADLINE, AND MOTION
FOR CONTEMPT AND SANCTIONS</u>

AND NOW, on this 7th day of June 2002, comes Plaintiff, Jeffrey L. Hanes, by and

through his counsel, Sandra Thompson, Esquire, to file this Brief in Opposition of Defendants'

motion and do hereby state as follows:

**COUNTER STATEMENT OF FACTS**

On February 19, 2002, this Honorable Court issued an order that limited the filing of

discovery motions without leave of court. By the same order, the court extended the time for

discovery until May 15, 2002. Commencing on April 10, 2002, Plaintiff and Defendants were

engaged in communications to schedule each party's respective depositions. Plaintiff attempted

to reach an agreed upon date to depose Defendants' seven (7) identified witnesses, one hour

1

each.  In response to Plaintiff's requests to Defendants that they provide potential dates and times for Defendants depositions, Defendants continually refused to give any dates and times. Defendants repeatedly stated that they would not make themselves available for seven (7) hours on any date.  Defendants suggested that Plaintiff conduct depositions of Defendants' witnesses on multiple dates, but did not provide any suggested dates of their availability.  In contrast Plaintiff provided at least five (5) alternative dates with the request for hours from 11:30am to 1:00pm that Plaintiff might be deposed in response to Defendants' request to depose Plaintiff. Defendants responded that they were not available on three (3) of Plaintiff's suggested dates, which were May 1-3, 2002.  On April 16, 2002, Defendants suggested alternative dates for Plaintiff's depositions as April 24th and 25th, 2002 and May 8th and 9th 2002.  On April 19, 2002, Plaintiff advised that he was available on May 8 and 9, 2002 from 11:30am to 1:00pm. Defendants advised Plaintiff that they were no longer available on May 9, 2002, therefore on April 23, 2002, Plaintiff advised Defendants that he is available for deposition on May 8, 2002 from 11:30am to 1:00pm.  On April 23, 2002, because Defendants continually refused to give any dates on which they may be deposed, Plaintiff effected personal service of subpoenas for depositions of Defendants' witnesses, which were to occur on May 10, 2002, upon Defendants' counsel.  To effect personal service, Plaintiff's counsel made an appointment with Defendants' counsel.  For the first time, Defendants stated that they were not available during the "lunch hour" to depose Plaintiff.   Plaintiff never wavered on being available on May 8, 2002 for his deposition.   On April 26, 2002, a person appeared outside a closed juvenile hearing in the York County Courthouse to serve Plaintiff's counsel with a subpoena.  He was told to wait until the hearing concluded.  He refused to wait and served Judy Ellis of the York County District Attorney's Office with a subpoena that scheduled a deposition for Plaintiff on May 13, 2002.

Neither Judy Ellis, nor the York County District Attorney's Office, are Plaintiff's or Plaintiff's counsel's authorized agents to accept service in this matter. Plaintiff's counsel's office within the Middle District is a matter of record. Defendants never attempted to make prior arrangements with counsel to effect service, if they believed that "Plaintiff's counsel does not maintain an office for service". Plaintiff was not provided with notice that Defendants intended to depose him on May 13, 2002 in accordance with F.R.C.P. 30(b)(1). There was no service of the subpoena upon Plaintiff in accordance with F.R.C.P. 45.

Furthermore, Plaintiff offered to be deposed on May 10, 2002 as "all parties will be together". Defendants refused Plaintiff's offer. On May 10, 2002, in consideration of the Court's February 19, 2002 order, Plaintiff, through counsel, advised the court of the need to address a motion to quash. Plaintiff supplied the reason of ineffective service of Defendants' subpoena and of Plaintiff's counsel unavailability in that she was scheduled to be in court the morning of May 13, 2002. Because of the ineffective service and counsel's unavailability, Plaintiff did not appear at deposition on May 13, 2002. In the afternoon of May 13, 2002, Plaintiff contacted Defendants to schedule his deposition, as there were two (2) more days before the discovery deadline. Defendants refused to schedule the depositions stating that they preferred to wait until the court ordered Plaintiff to comply. Defendants filed a Motion To Compel Deposition, Motion For Extension Of Discovery Deadline, and Motion For Contempt And Sanctions without filing a Statement of Concurrence or Nonconcurrence. On May 14, 2002, this Honorable Court issued an order that compelled Plaintiff to submit to deposition at the time and place of Defendants choosing and extended the discovery deadline for Plaintiff's deposition until May 31, 2002. On May 21, 2002, Plaintiff filed an answer to Defendants motion and after denoting Defendants defective filing, Plaintiff requested that the court reconsider and vacate its

May 14, 2002 order.  On May 23, 2002, Defendants filed a brief, which was deficient of any

caselaw to support their position.  Plaintiff files this brief in opposition to Defendants' motion

and in support of Plaintiff's request for reconsideration.

**ISSUE PRESENTED:**

     WHETHER PLAINTIFF SHOULD BE HELD IN CONTEMPT AND SANCTIONED
FOR FAILING TO APPEAR FOR DEPOSITION WHEN HE WAS NOT PROPERLY
SERVED WITH A SUBPOENA OR WITH A NOTICE TO APPEAR FOR DEPOSITION?

**Suggested Answer in the Negative.**

**ARGUMENT:**

If the deponent is a party, a subpoena is not required and notice is sufficient to require his attendance. See, C. Wright & A. Miller Fed. Prac. & Proc. §§ 2107, 2112 (1970); See Also, Riff v. Police Chief Elmer Clawges, 158 F.R.D. 357, 358 (E.D. Pa. 1994)(finding no abuse of discretion in refusing to compel attendance when the requesting party refused to follow proper procedures). According to F.R.C.P. 30(b)(1)(1993), a notice for a deposition shall provide reasonable notice in writing, which is to include the time, place, and manner of deposition, the deponent's name and address, and the method of recording. Service of said notice would be complete upon mailing, according to F.R.C.P. 5(b). See, Porto Transport Inc. v. Consolidated Diesel Electric Corp., 21 F.R.D. 250 (DC NY 1957); Stover v. Universal Moulded Prod. Corp., 11 F.R.D. 90, 91 (E.D. Pa. 1950). The court in Thorn v. Hbg. Trust Co., 32 F.R.D. 352 (MD Pa. 1962), interpreted the provision the "after being served with proper notice" in F.R.C.P. 37(d), as meaning that only effective service can invoke a sanctions from the court. Id at 354 (emphasis added); See, Commercial Union Ins. Co. v. Talisman, Inc, 69 F.R.D. 490 (ED Mo 1975). The courts have interpreted the term "willful failure to appear" in F.R.C.P. 37(d) to require a showing of a lack of good faith. See, Coreglis Ins. Co. v. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 530 (E.D. Pa. 1999).

Although a subpoena is not required for a party, it may be served upon a party to compel the party's attendance at a deposition. See, Badman v. Stark, 139 F.R.D. 601, 603 (MD Pa. 1991)(denying issuance of subpoenas for Plaintiff's failure to show that he could pay advance fees); See Also, F.R.C.P. 30(a) (stating that attendance may be compelled by subpoena as provided in Rule 45). The subpoena must satisfy the provisions under F.R.C.P. 45(b)(1)(1991),

which provides that "service of a subpoena (upon a person) named therein shall be made by delivering a copy thereof to such persons and if the person's attendance is commanded, by tendering fees for one day's attendance and mileage allowed by law".  According to the 1991 Comment for F.R.C.P. 45, the majority view is that service must be accomplished through personal service, not through alternative methods. See Also, Pietzman v. Illmo, 141 F.2d 956 (8th Cir. 1944), cert denied, 323 US 718, 65 S. Ct. 47, reh denied, 323 US 813, 65 S. Ct 112 (1944)(finding personal service of deposition notice upon attorney was proper). The few courts that have allowed alternative methods of service required a showing that diligent efforts to accomplish personal service were thwarted. See, Codurus Trust v. Kummerfield, 45 Fed. R. Serv. 3d 1151 (SD NY 2000); King v. Crown Plastering Corp.,170 F.R.D. 355 (ED NY 1997).  The plain meaning of F.R.C.P. 45(c) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena.  Id at 604, citing, CFI Steel Corp. v. Mitsui & Co. USA, Inc., 713 F.2d 494, 496 (9th Cir. 1983).

In accordance with F.R.C.P. 45(e), only a failure by any person without adequate excuse to obey a subpoena that was served upon that person may be deemed a contempt of court. See, General Ins. Co. of Amer. V. Eastern Consul. Util. , Inc., 126 F. 3d 215, 216 (3rd Cir Pa. 1997)(emphasis added). Furthermore, a subpoena that is improper as to form or service deprives the court of jurisdiction to find contempt. See, Kupritz v. Savannah College of Art & Design, 155 F.R.D. 84, 88 (E.D. Pa. 1994)(finding improper service and/or notice an adequate excuse not to appear for deposition).  According to F.R.C.P. 45(f), it is not necessary to file a motion to quash an improper subpoena. See, Smith v. BIC Corp., 121 F.R.D. 235, 245 (E.D. Pa. 1988).

Whatever method of giving notice of deposition that is chosen, the notice does not become effective unless it has been properly served.  In choosing a subpoena as the means of

service, Defendants are limited by F.R.C.P. 45. Although F.R.C.P. 45 does state that service may be made anywhere within the District, it still requires that service must be made upon that person whose presence is commanded. "Deliver a copy to the person" has been interpreted to mean personal service of the prospective deponent or his counsel, not on anyone who is not associated with the counsel's private practice, with the proposed deponent, nor with the case at hand. Service of a subpoena to require Plaintiff's attendance at a deposition would have been effective only if it was personally made upon Plaintiff or his counsel. Defendants' affidavit of service verifies that service was made on neither Plaintiff nor his counsel. Defendants further failed to satisfy F.R.C.P. 45, by failing to submit the required fees to the proposed deponent. Defendants did not act diligently to accomplish personal service upon Plaintiff's attorney. <u>Defendants have provided no authority for their argument that service was properly made.</u>

Without proper service, there is no contempt. Plaintiff acted in good faith and did not attempt to avoid or to impede discovery. On the contrary, despite Defendants continued attempts at avoiding depositions of them, Plaintiff communicated with Defendants to try to schedule his deposition. Finally, Plaintiff was forced to schedule Defendants' depositions without Defendants' input. Plaintiff properly and personally served Defendants' counsel with the necessary subpoenas. After such service, Defendants became less cooperative with Plaintiff in scheduling his deposition. Although May 8, 2002 was the last communicated date for Plaintiff's deposition, even if not at 11:30am-1:00pm, Defendants scheduled Plaintiff's deposition for May 13, 2002 at 10:00am. However, Defendants did not properly serve Plaintiff with notice or with a subpoena. Also, Plaintiff's counsel was already required to be in court in other matters from approximately 8:30am until 12:00pm on that date.

Additionally, Plaintiff tried to make other arrangements with Defendants to accomplish his deposition. Plaintiff contacted Defendants and offered to be deposed on May 10, 2002, since the parties would be present at the time for Plaintiff's depositions of Defendants witnesses. Defendants refused Plaintiff's offer stating they rather keep their own date. On May 13, 2002, after counsel's court appearance, Plaintiff's counsel contacted Defendants to schedule Plaintiff's deposition, which could have occurred before the May 15, 2002 deadline. Defendants again refused Plaintiff's offer stating that they rather wait for the court to mandate Plaintiff 's appearance. Defendants had no reasonable basis to believe that Plaintiff would not appear at a properly scheduled deposition.

Furthermore, in consideration of the Court's February 19, 2002 order which essentially said that neither party was to file a discovery motion without prior leave of court and in an effort to resolve the matter on May 10, 2002, Plaintiff advised the Court and Defendants in a teleconference of Defendants' ineffective service. Plaintiff's actions, through counsel, to advise the Court of Plaintiff's intent not to appear, because of counsel's unavailability and Defendants ineffective service can be and is requested to be considered as an oral Motion to Quash the Subpoena. Cf., Smith, 121 F.R.D. at 245 (finding it unnecessary to file a motion to quash an improper subpoena). This teleconference occurred at approximately 10:00am on May 10, 2002. After said teleconference and around the hours of 11:00am- 12:00pm, Defendants caused a person over the age of eighteen (18) years to appear at the place of depositions for Defendants' witnesses. Depositions continued until 5:00pm. Defendants still refused to depose Plaintiff. Also, rejecting the opportunity, Defendants did not perfect service upon Plaintiff. Without waiving ineffective service, Plaintiff attempted all he could to submit to deposition.

## **CONCLUSION**

Plaintiff acted with due diligence to satisfy discovery within the timeframe that was imposed by this Honorable Court. But for Defendants' resistance and continued breach of the Federal and Local Rules of Civil Procedure, discovery could have been accomplished by May 15, 2002.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

1.    deny Defendants' Motion To Compel Deposition, Motion For Extension Of Discovery Deadline, and Motion For Contempt And Sanctions in toto,

2.    reconsider and vacate its order of May 14, 2002,

3.    consider any subsequent reply brief from Defendants with case authority as untimely,

4.    find Defendants' motion frivolous and to order reimbursement to Plaintiff for attorney fees for the preparation of the answer and brief in opposition to Defendants' motion, and

5.    order such other relief that is proper and just.

Respectfully Submitted:

DATED: June 7, 2002

Sandra Thompson, Esquire
Attorney for Plaintiff
PA ID No. 84345

P.O. Box 2361
York, Pennsylvania 17405
717-845-1408

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes                                  :          CIVIL ACTION NO. 1:00-CV-2003
                                                  :
        Plaintiff                                 :
                                                  :
              v.                                  :
                                                  :
Apple Chevrolet, Inc. et al.                      :
                                                  :          Judge Sylvia H. Rambo
        Defendant                                 :

## CERTIFICATE OF SERVICE

I, Sandra Thompson, Esquire, counsel for Plaintiff, do hereby certify that I have served

upon Defendants a true and correct copy of Plaintiff's Brief in Opposition to Defendant's Motion

To Compel Deposition, Motion For Extension Of Discovery Deadline, And Motion For

Contempt And Sanctions by postage prepaid first class mail, addressed as follows:

> Sara A Austin, Esquire
> Blakey, Yost, Bupp, and Rausch, LLP
> 17 East Market Street
> York, Pennsylvania 17401

Respectfully Submitted:

DATED: June 7, 2002

Sandra Thompson, Esquire
Counsel for Plaintiff
PA ID No. 84345
P.O. Box 2361
York, Pennsylvania 17405
717-845-1408