# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrey L. Hanes,          :
          Plaintiff,       :
                           :    Case No. 1:00-CV-2003
v.                         :
                           :    Judge Sylvia H. Rambo
Apple Chevrolet, Inc., et. al.  :
          Defendants.      :

**FILED**
HARRISBURG, PA
JUN 1 2 2002
MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

## REPLY BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION TO COMPEL DEPOSITION,
## MOTION FOR EXTENSION OF DISCOVERY DEADLINE,
## AND MOTION FOR CONTEMPT & SANCTIONS

AND NOW, this ___11th___ day of June, 2002, come the Defendants, Apple Chevrolet, Inc.

and Terry Stewart, by and through their counsel, **Blakey, Yost, Bupp & Rausch, LLP**, and do file

this Reply Brief in Support of their previously filed Motion, as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants incorporate by reference this section as set forth in their original Brief in

Support.  In addition, Defendants note in rebuttal to the facts set forth in Plaintiff's Brief in

Opposition (pages 1-4) the following[1]:

> ➤ At no point did Plaintiff's counsel ever mention that she expected the deposition of

Defendants' witnesses to take one hour each; rather, counsel only suggested entire days in which

to accomplish the depositions of seven (7) witnesses;

> ➤ Defendants did not refuse to permit the depositions of the witnesses over whom they

have control (those employed by Defendant Apple), but rather requested potential dates and

times for each witness's deposition in order to clear same with the witnesses' schedules;

---

[1] Defendants believe that Plaintiff is throwing out a red herring in discussing the events that transpired relative to the deposition of Defendants' witnesses, but will reply to same in order to ensure that this Court has the correct facts before it when issuing a decision relative to the underlying Motion to Compel.

➢ Defendants further suggested, through counsel, that the depositions of Defendants' witnesses might need to occur on more than one day due to the fact that Plaintiff was looking to take seven (7) depositions;

➢ When Plaintiff served on Defendants' counsel subpoenas for the deposition of the five (5) employee witnesses, Plaintiff did not provide any attendance or mileage fees for the deponents;

➢ Defendants continually made clear to Plaintiff that it would be impossible to take Plaintiff's deposition between 11:30 a.m. and 1:00 p.m. due to schedule conflicts with Defendants and/or counsel and the anticipated length of the deposition itself;

➢ Defendants, through counsel, contacted the Clerk of this Court to ascertain the record address for Plaintiff's counsel and was notified that it was a Post Office Box, such that Defendants were forced to serve the subpoena on counsel at her full-time place of employment;

➢ When the constable arrived on April 26, 2002, to serve the subpoena for Plaintiff's 5/10/02 deposition on Plaintiff's counsel, he was told counsel would be in court all day, such that the constable served the subpoena on a clerk in the office where counsel conducts her full-time employment (pursuant to F.R.C.P. 5(b)(2)(A)(ii));

➢ Not until May 9, 2002, two (2) weeks after service of the subpoena on counsel, did Plaintiff's counsel offer (by voice message left at 1:41 p.m.) to permit Plaintiff to be deposed the following day upon conclusion of the other five (5) scheduled depositions of the employee-witnesses;

➢ The message left by Plaintiff's counsel on May 9, 2002, made no mention of the alleged improper service of Plaintiff's deposition subpoena;

➢ Only during the deposition of Defendants' employee-witnesses on May 10, 2002, when counsel contacted the Court by phone (with Defendant's counsel able to hear only

Plaintiff's counsel side of the call due to the lack of a speaker phone) did Plaintiff's counsel

mention that a Motion to Quash would be filed due to alleged improper service;

> No mention was made at that time or any other time of counsel's unavailability on

May 13, 2002, the date for Plaintiff's deposition according to the subpoena served two (2) weeks

prior thereto;

> Only by voice message at 3:50 p.m. on May 13, 2002, did Plaintiff's counsel contact

Defendants' counsel in an attempt to reschedule Plaintiff's deposition, but no mention was made

of the failure to appear at the scheduled time that morning by Plaintiff and his counsel;

> Further, as of the afternoon of May 13, 2002, May 14th and May 15th presented

conflicts for Defendants and/or their counsel and were therefore unavailable as potential

deposition dates for Plaintiff; and

> Defendants' underlying Motion to Compel did not contain a Statement of

Concurrence, as it was obvious that Plaintiff did and would not concur with the relief requested

therein.

**ISSUES PRESENTED**

Defendants incorporate by reference this section as set forth in their original Brief in Support.

(Balance of page intentionally left blank)

## LEGAL ARGUMENT

Defendants incorporate by reference the same section as set forth in their original Brief in Support. However, Defendants reply to Plaintiff's Brief in Opposition as follows:

➢ Plaintiff is correct in his Brief that a subpoena to compel the attendance of a party at a deposition is not required. However, due to the contentious nature of the earlier proceedings between the parties in the instant case, Defendants chose to subpoena Plaintiff's attendance for a deposition. The subpoena had to be served on Plaintiff's counsel of record pursuant to Local Rule 1.4 since Plaintiff is represented. Further, the subpoena had to be served at the address on file with the Court Clerk for Plaintiff's counsel, which address is to be the one designated by counsel for the service and/or receipt of all pleadings, motions, notices and other papers pursuant to Local Rule 83.11.1. Since counsel's record address with this Court's Clerk is the Post Office box, upon which no subpoena service may be made, Defendants were forced to serve the subpoena at counsel's place of full-time employment.

➢ Upon service of the subpoena, Defendants did not provide to counsel a check for Plaintiff's attendance or anticipated mileage as Plaintiff is not a witness but a party to the action. The statute governing such fees/mileage (28 U.S.C. §1821) deals only with witnesses and not parties, such that no monies needed to be tendered with the subpoena. To the contrary, the statute does apply to the four (4) employee-witnesses deposed by Plaintiff on May 10, 2002, but at no time (not with service of the deposition subpoenas nor at any time through the present) has Plaintiff tendered the appropriate attendance and/or mileage fees to those deponents.

➢ Plaintiff's Brief is misplaced in asserting support for Plaintiff's position in the case of Smith v. BIC Corp., 121 F.R.D. 235 (E.D.Pa. 1988). The proposition for which Plaintiff cites the case ("According to F.R.C.P. 45(f), it is not necessary to file a motion to quash an improper subpoena", Plaintiff's Brief in Opposition at p.6), is not contained anywhere within the case, nor

does F.R.C.P. contain a subsection (f).  Rather, <u>Smith</u> addresses the issue of appearance by a subpoenaed witness within the district when the witness resides outside of the district, <u>Id.</u> At 245, and therefore is of no use in the instant matter.

> The facts just do not bear out the assertions Plaintiff is making in his Brief, as set forth *supra* under the Factual Background section.

It is clear that the failure by both Plaintiff and his counsel to appear at the scheduled deposition on May 13, 2002, is an act in contempt of this Court.  Further, such act should subject both Plaintiff and counsel to sanctions in the nature of the attorneys' fees and costs incurred by Defendants as a result of the failure to appear.

## CONCLUSION

The facts are clear: (a) a subpoena for Plaintiff's deposition was properly served on Plaintiff's counsel at the office where she maintains a full-time practice of law, in that no other service option for the subpoena was available; (b) service of the subpoena occurred seventeen (17) days prior to the scheduled deposition date; (c) not until three (3) days prior to the scheduled deposition (during Plaintiff's deposition of Defendants' witnesses) did Plaintiff's counsel mention that a Motion to Quash the subpoena would be filed based on alleged improper service of the subpoena; (d) no such Motion was ever filed by Plaintiff; and (e) both Plaintiff and his counsel failed to appear at the scheduled deposition on May 13, 2002.  Both Plaintiff and his counsel have violated the Federal Rules of Civil Procedure and Local Rules of this Court, such that a finding of contempt and imposition of sanctions, jointly and severally, is appropriate.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

- Finding Plaintiff and his counsel in contempt for failure to appear at the properly scheduled deposition on May 13, 2002;

- Assessing sanctions against Plaintiff and his counsel, jointly and severally, for all fees and costs incurred by Defendants due to the failure of Plaintiff and his counsel to appear at the May 13, 2002 deposition, with such amounts to be paid within ten (10) days of entry of the Order; and

- For such other relief as may be just and proper.

Respectfully submitted,

BLAKEY, YOST, BUPP & RAUSCH, LLP

By:_____
      Sara A. Austin, Esquire
      Supreme Ct. I.D. #59052
      Counsel for Defendants
      17 East Market Street
      York, Pennsylvania 17401
      Telephone (717) 845-3674
      Fax No. (717) 854-7839
      Defendants' counsel