2 TO G

ORIGINAL

FILED
HARRISBURG, PA

JUN 17 2002

MARY E. D'ANDREA, CLERK
Per _____
  Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey L. Hanes | : | CIVIL ACTION NO. 1:00-CV-2003 |
| Plaintiff | : | |
| v. | : | |
| Apple Chevrolet, Inc. et al. | : | Judge Sylvia H. Rambo ✓ |
| Defendant | : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE JUDGES OF SAID COURT:

AND NOW, on this 14th day of June 2002, comes Plaintiff, Jeffrey L. Hanes, by and through his counsel, Sandra Thompson, Esquire, to file this response, and does state as follows:

**COUNTER-STATEMENT OF FACTS**[1]

Jeffrey L. Hanes, African-American, (hereinafter Plaintiff) agreed with Jesse Pohlig, Caucasian, (hereinafter Pohlig) to rent a van to use as transportation to attend a seminar that was conducted by Metro Public Adjustment in or around Bensalem, Pennsylvania. The seminar was scheduled for 9:00am until 5:00pm on November 14, 1998. A credit card was required to reserve the van from Defendant, Apple Chevrolet, Inc (hereinafter Apple). Since Plaintiff did not have a credit card at the time, Pohlig agreed to reserve the van rental for November 14, 1998 on behalf of Plaintiff. Pohlig and Plaintiff further agreed that each would be responsible for half of the

---

[1] Supporting documents for stated facts are filed simultaneously, enclosed and incorporated herein as if stated in full.

1

rental fees. Around noon on November 13, 1998, Plaintiff, arrived alone at Apple, and picked up the van from the rental department manager, Kathy Sargen, Caucasian, (hereinafter K.Sargen). Plaintiff, as the rental customer, provided his driver's license and signed the rental contract in three places, all of which made him responsible for payment of any charged rental fees. K.Sargen asked Plaintiff to try to return the van by 4:00pm, but no later than 5:00pm, because another customer had reserved the van for November 14, 1998. The other customer who reserved the van for 5:00pm on November 14, 1998 was John Shriver, Caucasian (hereinafter Shriver). Plaintiff advised K.Sargen that he would try to have the van back on time, but he also explained that there was a possibility that he could be late as he would travel through Philadelphia traffic, which is known to be slow.

On November 14, 1998, Plaintiff traveled to the seminar with approximately three passengers: Mark Green, African-American (hereinafter referred to as Green); Lionel Weathers, African American (hereinafter referred to as Weathers); and Dimitrios Tomboris, Greek (hereinafter referred to as Tomboris). Pohlig was never present in the van as a passenger or driver. Plaintiff and his party left the seminar early, between 2:00pm and 3:00pm, in attempt to return the van on time. Plaintiff advised his party that they had to leave the seminar early so that they might arrive at Apple by 5:00pm. At approximately 3:20pm, while sitting in a traffic jam, Plaintiff realized that he might be late a returning the van, so he began calling Apple. Plaintiff called Apple at least three times, reaching voicemail each time. Around 4:30pm, Shriver arrived at Apple. When Shriver arrived, the rental department cashier/clerk Joann Hall, Caucasian (hereinafter referred to as Hall) called K.Sargen at home. K.Sargen advised Hall to call Plaintiff's cellphone number that was listed on the contract to advise Plaintiff that he would be charged for two days rental. Plaintiff and Hall engaged in a series of back and forth telephone

2

calls, in-between those calls Hall consulted with managers. Hall advised Plaintiff as she was instructed. Plaintiff advised Hall that, if he was being charged an extra day, he would not fight traffic and would just keep the van another day. Hall then advised Plaintiff that if he just returned the van on the same day, being November 14, 1998, then he would only be charged for one day. After fighting traffic, filling up the van with gas as required, and calling Apple to advise them of his status, Plaintiff returned the van as agreed.

Prior to Plaintiff's arrival at Apple, Hall contacted the service department manager Matt Kugle, Caucasian, (hereinafter referred to as Kugle) to advise him that she could not leave at 5:00pm as scheduled, since she had to wait upon Plaintiff. Hall also asked Kugle to check-in the van upon its return. Plaintiff entered Apple's premises with his passengers and Steve Jones, African American (hereinafter referred to as Jones). Jones was present to provide transportation for Plaintiff and his party away from Apple. Upon Plaintiff's arrival at Apple, Hall took the van keys from Plaintiff, gave them to Shriver, and then told Plaintiff that Apple was charging him for two days van rental. Plaintiff reminded her of their agreement and sought performance of the agreed upon term of only a one day charge for his return of the van on November 14, 1998. Hall using profanities continually refused performance. Hall also stated to Plaintiff that she "waited on his black"…without finishing her statement to explain why Apple would not perform. When Hall made this statement, Plaintiff and his party were appalled and offended. Meanwhile, Kugle entered the cashier area with an attitude. Plaintiff attempted to tell Kugle of Hall's statement and to secure performance under the agreement. Kugle loudly responded saying that Plaintiff could obtain a lawyer if he did not want to pay two days rental. Kugle made a vague reference of knowing of Plaintiff from ninth grade in high school, which was seventeen (17) years prior. Kugle also tried to attribute old damage of the van to Plaintiff. Hanes continued his attempts to

3

secure performance under the agreement. Hall and Kugle responded saying that they would just bill the credit card. Finally, Kugle stated that he was calling the police, which he did, even though he did not find Plaintiff threatening to himself or Hall. Kugle admitted that police have never been called on a customer who disputed a bill or contract terms, even when the customer was loud, angry, and threatening. After calling the police, Kugle locked up the premises. Knowing the police were responding and while yelling obscenities, Hall immediately left Apple's premises. Plaintiff's party waited a few minutes for police, then they also left Apple. Plaintiff waited twenty (20) minutes, off of Apple's property, before he left. Kugle and Defendant, Terry Stewart, President of Apple (hereinafter referred to as Stewart), at different times, called Shriver to secure his assistance with "anything that may come about" from Defendants treatment of Plaintiff. Neither Apple, nor Stewart, ever wavered in their pursuit to penalize Plaintiff for his attempts to secure performance under the contract.

Plaintiff was cited and adjudged guilty of Disorderly Conduct, summary offense. At the district justice hearing, Hall testified as an agent for Apple that Plaintiff was obscene through his language or body, even though Plaintiff was nothing more than loud, because she and Kugle were loud.

Apple charged Plaintiff, as signatory on the contract, for two days rental. Within the following week and after agreeing with Pohlig, Apple white-out and reduced the two day charge to a one day charge. Because of Plaintiff's treatment by Apple, Pohlig forgave Plaintiff's half of the van rental fees. At some point, the times of 5:00pm for pick-up and of 4:00pm return was added to the contract, although K.Sargen admitted that Plaintiff picked up the van at noon. On October 1, 1999, Plaintiff began receiving treatment for stress headaches, which developed

4

because of the events of November 14, 1998. Plaintiff's family physicians have recorded his visits. Plaintiff has also suffered monetary damages.

## COUNTER-STATEMENT OF QUESTION INVOLVED:

WHETHER SUMMARY JUDGMENT SHOULD BE ENTERED AS A MATTER OF LAW IN FAVOR OF DEFENDANTS, UNDER F.R.C.P. 56, BECAUSE THERE EITHER IS NO GENUINE ISSUE OF MATERIAL FACTS OR BECAUSE PLAINTIFF HAS NOT SHOWN A PRIMA FACIE CASE OF DISCRIMINATION?

**Suggested Answer in the Negative.**

## COUNTER – ARGUMENT:

**SUMMARY JUDGMENT SHOULD NOT BE ENTERED AS A MATTER OF LAW IN FAVOR OF DEFENDANTS, UNDER F.R.C.P. 56.**

The court in US v. Serafini, 135 BR 219 (MD Pa. 1991)(denying summary judgment motion), found that summary judgment is not appropriate under F.R.C.P. 56 when there is a genuine issue of material facts. The reviewing court must consider the entire record and must resolve all doubts against the moving party and in favor of the non-moving party. Id, at 220, citing, Continental Insur. v. Bodie, 682 F.2d 436, 438 (3rd Cir. 1982); See also, Celotex Corp. v. Catrett, 477 US 317, 322-323, 106 S.Ct. 2548, 2552 (1986)(finding that the defending part cannot merely rely on the pleadings) and Matshushita Elec. Indus. Co. v. Zenith Radio Corp., 475 US 574, 587, 106 S.Ct. 1348 (1986). The record submitted in support of the summary judgment motion must be based on personal knowledge or facts that would be admissible at trial. See, JF Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1529 (3rd Cir. 1990). When considering the record, the reviewing court cannot make credibility determinations or weigh evidence. See, Lytle v. Household Mfg., Inc., 494 US 545, 554-555, 110 S.Ct. 1331 (1990). Credibility determinations, weighing evidence, and drawing inferences therefrom remain the function of the jury. See, Anderson v. Liberty Lobby, Inc., 477 US 242, 255, 106 S.Ct. 2505 (1986); See Also, Celotex, 477 US at 323. Therefore, the court must disregard all evidence that may seem favorable to the moving party, but that the jury is not required to believe. See, Reeves v. Sanderson Plumbing Prod., Inc., 530 US 133, 150, 120 S. Ct. 2097, 2110 (2000). The moving party has the initial burden of proving the absence of a genuine issue of material facts. See, JF Feeser, 909 F.2d at 1531. If the court finds that there is no genuine issue of material fact, then

summary judgment may be granted to the party that is entitled to judgment as a matter of law. <u>Serafini</u>, 135 BR at 220; <u>See Also</u>, <u>Ross v. Hotel Employees & Restaurant Empl. Intern Union</u>, 266 F.3d 236, 243 (3rd Cir. 2001)(finding that summary judgment may be awarded at anytime there are no issues of material fact).

Viewing Plaintiff's supporting documents (which are hereby filed simultaneously and incorporated herein as if stated in full) and in reviewing the record as a whole, this Honorable Court must deny Defendants' the motion for summary judgment. In the alternative, if this Honorable Court finds that there is no genuine issue of material facts, then summary judgment must be ordered for Plaintiff, as the party to whom judgment would be required as a matter of law.

Defendants have filed a Rule 56 Motion for Summary Judgement only as to count II of Plaintiff's complaint. In Count II of the complaint, Plaintiff alleges that Defendants violated 42 U.S.C.S. § 1981 by denying him, as a member of a protected class, the right to make, enforce, or secure the performance of a contract. Plaintiff further alleges that Defendants acted with malice and reckless indifference. The burden of proof and order of such proof in discrimination cases have been established. <u>See</u>, <u>McDonnell Douglas Corp. v. Green</u>, 411 US 792, 802, 93 S.Ct. 1817 (1973); <u>See Also</u>, <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 US 502, 506, 113 S.Ct. 2742 (1993). First, Plaintiff must present a prima facie case of discrimination. <u>See</u>, <u>Texas Dept. of Community Affairs v. Burdine</u>, 450 US 248, 252-253, 101 S.Ct. 1089 (1981). Plaintiff has shown that as a member of a protected class he was treated differently by Defendants, because of his race. On November 14, 1998, after making an oral contract with Plaintiff for the return of a van on the same date so that a Caucasian customer may receive the van, Defendants continually refused to perform under the contract. Plaintiff has himself plus three other witnesses who will testify at

7

trial that while refusing performance under the contract, Defendants hurled obscenities at Plaintiff and referred to Plaintiff's race. Because Plaintiff attempted to demand enforcement, Defendants caused the police to charge and convict him criminally. Defendants admit that they have never called the police on any other customer who have disputed a bill or contract, even when the customer would not respond to Defendants attempts at consolation and when the customer was loud, angry and threatening.

Once Plaintiff establishes a prima facie case of discrimination, Defendants has the burden of producing evidence that Plaintiff was treated differently for a legitimate, nondiscriminatory reason. Id, at 254. Defendants cannot rely on mere persuasion. See, St. Mary's Honor Ctr., 509 US at 509. Defendants cannot meet this burden. Defendants' argue the unreported opinion in Singh v. Walmart, U.S. Dist. LEXIS 8531 (E.D. Pa 1999) which is easily distinquishable from the case at hand. Defendants have no evidence other than their self-serving statements denying culpability. Defendants' only other witness with any personal knowledge of the events of November 14, 1998 is Shriver. He stated that on the very next day after November 14, 1998, Defendants asked him to "help them out in the matter". Defendants initially argued that they told Plaintiff that the van was due back by 4:00pm, because another customer had a rental reservation for 4:00pm. Defendants have also written several statements to this effect. However, Shriver stated that his van reservation was not until 5:00pm, which supports Plaintiff's statement that he was asked to try to be back by 5:00pm at the latest, because of a prior reservation. Defendants than stated that they did not honor the contract because Plaintiff arrived later than agreed during the travel back to Defendants' premises. However, Hall admits that she told Plaintiff that he would not be charged an additional fee as long as he returned the van on the same date. Defendants then stated that they called the police to mediate the contract dispute. However,

8

Defendants have admitted that by the time police arrived Plaintiff was no longer present, so there was no ongoing dispute. Defendants, Kugle, also admitted that they have never called the police before to mediate a complaint and that normal policy and practice is to contact a supervisor who can address the customer's complaints. Therefore, Defendants proffered reasons are shown to be pretextual and without credence. See, Id at 507-508, and Burdine, 450 US at 255, n.10, 256 (finding that even if a Defendant meets its burden of production, a court may consider the Plaintiff's prima facie case with all inferences to determine in the Defendants' reasons are pretextual).

## CONCLUSION

Based on the foregoing arguments and authority, there are material facts in dispute and Plaintiff has presented a prima facie case of racial discrimination. If the material facts are not disputed, then Summary Judgment Motion should be ordered in favor of Plaintiff as a matter of law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. deny Defendants' Motion for Summary Judgment;
2. grant Summary Judgment in favor of Plaintiff;
3. to find Defendants' motion frivolous and to award reasonable attorneys fees; and
4. for such other relief that may be just and proper.

Respectfully Submitted:

Date: June 14, 2002

Sandra Thompson, Esquire
PA ID No. 84345

P.O. Box 2361
York, Pennsylvania 17405
717-845-1408

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeffrey L. Hanes | CIVIL ACTION NO. 1:00-CV-2003 |
| Plaintiff | |
| v. | |
| Apple Chevrolet, Inc. et al. | |
| Defendant | Judge Sylvia H. Rambo |

## CERTIFICATE OF SERVICE

I, Sandra Thompson, Esquire, counsel for Plaintiff, do hereby certify that I have served upon Defendants a true and correct copy of Plaintiff's Response and Brief in Opposition to "Defendants' Motion for Summary Judgment", along with a copy of Plaintiff's Motion for Sanctions and supporting brief by postage prepaid first class mail, addressed as follows:

Sara A Austin, Esquire
Blakey, Yost, Bupp, and Rausch, LLP
17 East Market Street
York, Pennsylvania 17401

Respectfully Submitted:

DATED: June 14, 2002

_____
Sandra Thompson, Esquire
Counsel for Plaintiff
PA ID No. 84345
P.O. Box 2361
York, Pennsylvania 17405
717-845-1408