IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey L. Hanes | : | CIVIL ACTION NO. 1:00-CV-2003 |
| Plaintiff | : | |
| v. | : | |
| Apple Chevrolet, Inc. et al. | : | |
| Defendant | : | Judge Sylvia H. Rambo |

FILED
HARRISBURG, PA
JUN 17 2002
MARY E. D'ANDREA, CLERK
Per _____

## MOTION FOR SANCTIONS

TO JUDGES OF SAID COURT:

AND NOW, this day of June 14, 2002, comes Plaintiff, Jeffrey L. Hanes, by and through his counsel, Sandra I. Thompson, to file this Motion for Sanctions and states the following:

1. On February 13, 2002, Plaintiff filed a Motion to Compel Discovery with a Request for Sanctions.

2. In response to Plaintiff's motion, this Honorable Court scheduled a telephone conference between the parties.

3. By order dated February 19, 2002, the Court struck Defendants' subpoenas that scheduled depositions of Plaintiff's witnesses for February 20, 2002.

4. The Court further ordered Defendants to supply discovery to Plaintiff and a stay on the conduct of depositions until such time that Defendants complied with discovery.

5. On or around March 8, 2002 submitted some responses to Plaintiff's discovery requests.

1

6. To resolve claims of insufficient discovery responses given by Defendants, Plaintiff initiated a telephone conference that was held between the parties with the Court on March 13, 2002.

7. As a result of this telephone conference, this Honorable court ordered the parties to submit, by March 20, 2002, their respective requests for discovery and answers received for court review.

8. On March 13, 2002, after the conference call, Defendants attempted to schedule a deposition for Plaintiff. (A copy of said letter is attached hereto, incorporated herein, and marked as Exhibit A).

9. On March 15, 2002, by letter, Plaintiff advised Defendants that they were acted without court approval, and as such Plaintiff would not participate in depositions. (A copy of said letter is attached hereto, incorporated herein, and marked as Exhibit B).

10. On March 15, 2002, by letter to the Court, Plaintiff advised this Honorable Court that Defendants were attempting to schedule depositions without leave of court.

11. On March 18, 2002, Defendants responded to also advised the Court that Plaintiff refused to move forward with depositions without prior leave of court.

12. By order of court that was dated April 4, 2002, this Honorable Court authorized the parties to "schedule depositions".

13. On May 31, 2002, Defendants filed a Motion for Summary Judgment with Defendants' Statement of Undisputed Material Facts, and supporting Brief.

14. These documents refer to depositions of Dimitrios Tomboris, Mark Green, Lionel Weathers, and Steve Jones that were conducted by Defendants on April 4, 2002.

15. These depositions were obviously scheduled prior to court leave.

16. These depositions were conducted without proper notice to Plaintiff to allow him to participate in the depositions.

17. Defendants' acted willfully and in bad faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court would:

1. fully exclude and strike the depositions of Dimitrios Tomboris, Mark Green, Lionel Weathers, and Steve Jones;

2. would prevent their use by Defendants, by content and by reference, in any pre-trial, trial, or post-trial hearing or motion;

3. order attorney fees and costs for the filing of said motion; and

4. order any other relief that the Court finds just and proper.

Respectfully Submitted:

DATED: June 14, 2002

Sandra Thompson
Attorney for Plaintiff
PA ID 84345

P.O. Box 2361
York, Pennsylvania 17405
717-845-1408

## VERIFICATION STATEMENT

I, Sandra Thompson, Esquire, as counsel for Plaintiff, do hereby verify that the statements made in this Motion for Sanctions are true and correct to the best of my knowledge, information, and belief. I understand that false statements made herein are subject to the penalties for unsworn falsification to authorities as provided in 18 Pa. C.S. §4904.


DATE:    June 14, 2002

_____
Sandra Thompson, Esquire
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey L. Hanes | : | CIVIL ACTION NO. 1:00-CV-2003 |
| Plaintiff | : | |
| v. | : | |
| Apple Chevrolet, Inc. et al. | : | Judge Sylvia H. Rambo |
| Defendants | : | |

**CERTIFICATE OF NONCONCURRENCE**

I, Sandra Thompson, Esquire, Attorney for Plaintiff, do hereby certify that Defendants do not concur with Plaintiff's Motion for Sanctions.

Respectfully Submitted:

DATED: June 14 , 2002

_____
Sandra Thompson, Esquire
Attorney for Plaintiff
P.O. Box 2361
York, Pennsylvania 17405
717-845-1408

LAW OFFICES
BLAKEY, YOST, BUPP & RAUSCH, LLP
17 EAST MARKET STREET
YORK, PENNSYLVANIA 17401

ALBERT G. BLAKEY
DONALD H. YOST
DAVID WM. BUPP
DONALD B. HOYT
CHARLES A. RAUSCH
SARA A. AUSTIN
STACEY R. MACNEAL
PENNY V. AYERS
JOHN J. BARANSKI, JR.
ROBERT O. BEERS+
+OF COUNSEL

TELEPHONE (717) 845-3674
FACSIMILE (717) 854-7839

PLEASE CORRESPOND TO YORK OFFICE

March 13, 2002

DILLSBURG OFFICE:
104 SOUTH BALTIMORE STREET
DILLSBURG, PA 17019
(717) 502-8256

Sandra Thompson, Esquire
P.O. Box 2361
York, PA 17405

Re: **Hanes v. Apple Chevrolet, Inc., et al.**
**MDPA No. 1:CV-00-2003**

Dear Attorney Thompson:

Please advise which of the following days and times is preferable for the deposition of your client:

- April 4, 2002, at 2:00 p.m.;
- April 5, 2002, at 10:30 a.m.; or
- April 5, 2002, at 1:00 pm.

If I do not hear back from you within three (3) days of the date of this letter, then, due to the short time period in which we have to complete discovery, I will be forced to schedule the deposition according to my calendar.

Very truly yours,

Sara A. Austin
BLAKEY, YOST, BUPP & RAUSCH, LLP

cc: Mr. Terry Stewart

Exhibit "A"

# THE LAW OFFICE OF SANDRA THOMPSON
---------------------------------

P.O. BOX 2361, YORK, PENNSYLVANIA 17405          717-845-1408

March 15, 2002

Sara A. Austin, Esquire
Blakey, Yost, Bupp & Rausch, LLP
17 East Market Street
York, Pennsylvania 17401

**RE:   Hanes v. Apple Chevrolet, et al**

Dear Attorney Austin:

Please be advised that I forwarded to the court a copy of your "answers" to Plaintiff's discovery request, along with a rendition as to why they were not compliant.

Also, in response to your letter of March 13, 2002, you were not given leave of court to continue with depositions. By the court's previous order, you were precluded from engaging in depositions until you complied with discovery. The court is still reviewing this issue of compliance. I advise you to cease and desist with your depositions until such time as you are granted leave by the court, especially after the court's statements of March 13, 2002.

Sincerely,

Sandra Thompson, Esquire
Attorney for Plaintiff

cc.   Jeffrey L. Hanes
Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeffrey L. Hanes | CIVIL ACTION NO. 1:00-CV-2003 |
| Plaintiff | |
| v. | |
| Apple Chevrolet, Inc. et al. | Judge Sylvia H. Rambo |
| Defendant | |

## CERTIFICATE OF SERVICE

I, Sandra Thompson, Esquire, counsel for Plaintiff, do hereby certify that I have served upon Defendants a true and correct copy of Plaintiff's Response and Brief in Opposition to "Defendants' Motion for Summary Judgment", along with a copy of Plaintiff's Motion for Sanctions and supporting brief by postage prepaid first class mail, addressed as follows:

Sara A Austin, Esquire
Blakey, Yost, Bupp, and Rausch, LLP
17 East Market Street
York, Pennsylvania 17401

Respectfully Submitted:

DATED: June 14, 2002

Sandra Thompson, Esquire
Counsel for Plaintiff
PA ID No. 84345
P.O. Box 2361
York, Pennsylvania 17405
717-845-1408