ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY L. HANES, | : | CIVIL ACTION NO. 1:00-CV-2003 |
| Plaintiff | : | |
| v. | : | |
| APPLE CHEVROLET, INC. et al. | : | |
| Defendant | : | Judge Sylvia H. Rambo |

FILED HARRISBURG PA JUN 17 2002 MARY E. D'ANDREA, CLERK Per ____

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

TO JUDGES OF SAID COURT:

AND NOW, this 14th day of June, 2002, comes Plaintiff, Jeffrey L. Hanes, by and through his counsel, Sandra I. Thompson, Esquire, and files this Brief in Support of Plaintiff's Motion for Sanctions, and states the following:

### RELEVANT FACTS AND PROCEDURAL HISTORY

On July 13, 2001, Plaintiff served Defendants with discovery requests. On July 23, 2001 filed a Motion to Require Withdrawal of Plaintiff's Counsel and a Motion to Quash Plaintiff's Discovery Requests. While these motions were pending, Defendants were not required to respond to Plaintiff's discovery requests pending a decision on said motions. Meanwhile, Plaintiff answered and complied with Defendants requests for discovery. On January 7, 2002, this Honorable Court denied Defendant's Motion to Require the Withdrawal of Plaintiff's

1

Counsel and vacated the stay of Defendants' response to Plaintiff's discovery requests. On January 28, 2002 after the requisite thirty (30) days, minus the time of the stay, to submit discovery answers, Plaintiff served Defendants with a ten day notice. In response, Defendants served Plaintiff with a copy of an Acceptance of Service that was enclosed with Plaintiff's discovery requests that was served upon Defendants on July 13, 2001. Defendants dated the form for January 29, 2002, although it was previously executed and signed on July 13, 2001. By further letter that was dated as February 4, 2002, Defendants again refused to timely respond to Plaintiff's discovery request. On February 13, 2002, Plaintiff filed a Motion to Compel Discovery with a Request for Sanctions. In response to Plaintiff's motion, this Honorable Court scheduled a telephone conference between the parties. By order dated February 19, 2002, the Court struck Defendants' subpoenas for depositions of Plaintiff's witnesses that were scheduled for February 20, 2002. The Court further ordered Defendants to supply discovery to Plaintiff and stayed the conduct of depositions until such time that Defendants complied with discovery. On or around March 8, 2002 Defendants submitted some responses to Plaintiff's discovery requests. To resolve claims of insufficient discovery responses given by Defendants, Plaintiff initiated a telephone conference that was held between the parties with the Court on March 13, 2002. As a result of this telephone conference, this Honorable court ordered the parties to submit, by March 20, 2002, their respective requests for discovery and answers received for court review. On March 13, 2002, after the conference call, Defendants attempted to schedule a deposition for Plaintiff. On March 15, 2002, by letter, Plaintiff advised Defendants that since the issue of discovery compliance was still under court review, they were acting without court approval, and

2

as such Plaintiff would not participate in depositions. On March 15, 2002, by letter to the Court, Plaintiff advised this Honorable Court that Defendants were attempting to schedule depositions without leave of court. On March 18, 2002, Defendants advised the Court of Plaintiff's refusal to move forward with depositions without prior leave of court. By order of court that was dated April 4, 2002, this Honorable Court authorized the parties to "schedule depositions". On May 31, 2002, Defendants filed a Motion for Summary Judgment, and Defendants' Statement of Undisputed Material Facts with a supporting Brief. These documents refer to depositions of Dimitrios Tomboris, Mark Green, Lionel Weathers, and Steve Jones that were conducted by Defendants on April 4, 2002. These depositions were obviously scheduled prior to leave of court. These depositions were conducted without proper notice to Plaintiff to allow him to participate in the depositions. Defendants' acted willfully and in bad faith.

This brief is filed in support of Plaintiff's Motion for Sanctions.

## QUESTION PRESENTED

WHETHER DEFENDANTS SHOULD BE SANCTIONED, UNDER F.R.C.P. 37, FOR HOLDING DEPOSITIONS ON APRIL 4, 2002 IN VIOLATION OF THE COURT'S ORDERED STAY OF DEPOSITIONS, WHEN THE COURT DID NOT AUTHORIZE THE SCHEDULING OF DEPOSITIONS UNTIL APRIL 4, 2002?

Suggested Answer in the **Affirmative**.

## ARGUMENT

Federal Rule of Civil Procedure 37-Failure to Make or Cooperate in Discovery applies when a party fails to obey a court order, See, Poole v. Textron, 192 FRD 494 (DC Md 2000), citing, McGuire v. Acufex Micro, 175 FRD 149 (DC Mass 1997), especially when such behavior constitutes open and willful defiance. See, Burns v. Image Films, 164 FRD 594 (ND NY 1996); See Also, Coreglis Ins. Co. v. Baratta & Fenerty, Ltd, 187 FRD 528, 530 (ED Pa 1999)(finding a showing of bad faith is necessary). Egregious conduct demands the imposition of sanctions. See, Poulis v. State Farm Fire and Casualty, 747 F.2d 863 (3rd Cir 1984)(enumerating six (6) factors to be found before the severe sanctions are implemented). Alternative sanctions to a default judgment include, but are not limited to, the award of attorney fees and costs, and the preclusion of evidence, claims, and defenses. See, Titus v. Mercedes Benz of North America, 695 F.2d 746 (3rd Cir 1992).

The court in Cunningham v. Hamilton County, Ohio, 119 S.Ct. 1915 (1999), supported the Advisory Committee Notes for F.R.C.P. 37(a)(4) that said that the rule was redesigned in 1970 to encourage judges to be more aware of discovery abuses. Id, at 1922. (granting certiorari to limit the circumstances under which a sanctioned attorney could file a direct appeal). The appellant in Cunningham was Plaintiff's counsel in Starcher v. Correctional Medical Sys, Inc., 144 F.3d 418 (6th Cir 1998). In Starcher, the court ordered a stay of depositions until there was compliance with discovery. When the attorney scheduled said depositions, opposing counsel reminded the offending attorney that she was violating the court's order. The offending attorney continued with depositions, despite the court's order and opposing counsel's reminders. The attorney was sanctioned with attorney fees, costs, and removal for conducting depositions

5

without leave of court. She filed a direct appeal, but the circuit court affirmed the district court decision. See, Starcher, supra; See also, Cunningham, 119 S.Ct. at 201.

This case at hand is very analogous to the circumstance under Starcher. By its February 19, 2002 court order, this Honorable Court issued a stay of depositions until such time that Defendants complied with Plaintiff's requests for discovery. There was a telephone conference on March 13, 2002, whereas the parties advised that court that there remained compliance issues effecting discovery. The Court ordered the parties to each submit their respective discovery requests with responses received to the court's chambers by March 20, 2002. By letter that was dated as March 13, 2002, Defendants attempted to schedule Plaintiff's deposition. Plaintiff reminded Defendants of the court's stay on depositions, asked Defendants to cease their conduct of depositions, and advised Defendants that Plaintiff would not participate in depositions that were scheduled contrary to the Court's order. On March 15, 2002, Plaintiff further notified the Court, by letter, of Defendants' attempts at conducting depositions without leave of court. Defendants notified the Court of Plaintiff's unwillingness to participate in depositions until leave was granted. On April 4, 2002, this Honorable Court, by order, authorized the scheduling of depositions and thereby lifted the stay. On May 31, 2002, Defendants filed a Motion for Summary Judgment that referenced depositions that were held on April 4, 2002. On said date, Defendants deposed Dimitrios Tomboris, mark Green, Lionel Weathers, and Steve Jones, all Plaintiff's witnesses. Such depositions were held in violation of the Court's February 19, 2002 order as the Court had just given leave on April 4, 2002 to the parties to schedule depositions. Furthermore, Defendants failed to provide proper notice of depositions to allow Plaintiff to participate in depositions.

6

Sanctions should be applied to deter Defendants from repeating this behavior and to discourage others from following the same path as Defendants. See, Hicks v. Feeney, 850 F.2d 152 (3rd Cir. 1988), cert. denied, 488 U.S. 1005 (1989)(finding assessing sanctions a necessary tool to encourage compliance and to discourage future abuses); See Also, Metal Marketplace, Inc. v. U.P.S., Inc., 733 F. Supp. 976, 981 (E.D. Pa. 1990)(citing, Roadway Express Inc. v. Piper, 447 U.S. 752, 763-4 (1980)). The Court has wide discretion to frame sanctions to remedy attorney abuses, such as attorney disqualification, attorney fees, monetary sanctions, and dismissal or summary judgment. See, Olson v. Snap Products, 183 F.R.D. 539 (D. Minn. 1998). According to the court in Angelico v. Lehigh Valley Hosp., 184 F.3d 268 (3rd Cir. 1999), attorney fees can be awarded as a part of the Court's inherent powers. Id at 279, (citing, Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991)). Attorney fees can be awarded upon Defendants and/or personally upon Defendants counsel. See, Carter v. Albert Einstein Hosp, 804 F.2d 805, 807-8 (3rd Cir. 1986). If a court can find that the party's noncompliance is willful or in bad faith from the record, then an evidentiary hearing is not necessary. See, Angelico, 184 F.3d at 279 (interpreting, Roadway Express Inc., 447 U.S. at 767) and (citing, Rogal v. American Broad. Cos., 74 F.3d 40,44 (3rd Cir. 1996); See Also, Klein v. Stahl GMBH Co., 185 F.3d 98, 111 n. 13 (3rd Cir. 1999).

## CONCLUSION

Defendants F.R.C.P. 37 and should therefore be sanctioned. Proper sanctions may include, but are not limited to, excluding and striking the depositions of Dimitrios Tomboris, Mark Green, Lionel Weathers, and Steve Jones; preventing their use by Defendants, by content and by reference, in any pre-trial, trial, or post-trial hearing or motion; attorney fees and costs for the filing of said motion; and any other relief that the Court finds just and proper.

Respectfully Submitted,

DATED: June 14, 2002

Sandra Thompson, Esquire
Attorney for Plaintiff
PA Sup Ct ID No. 84345
P.O. Box 2361
York, Pennsylvania 17405
(717) 845-1408

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeffrey L. Hanes | : CIVIL ACTION NO. 1:00-CV-2003 |
| Plaintiff | : |
| v. | : |
| Apple Chevrolet, Inc. et al. | : |
| | : Judge Sylvia H. Rambo |
| Defendant | : |

### CERTIFICATE OF SERVICE

I, Sandra Thompson, Esquire, counsel for Plaintiff, do hereby certify that I have served upon Defendants a true and correct copy of Plaintiff's Response and Brief in Opposition to "Defendants' Motion for Summary Judgment", along with a copy of Plaintiff's Motion for Sanctions and supporting brief by postage prepaid first class mail, addressed as follows:

> Sara A Austin, Esquire
> Blakey, Yost, Bupp, and Rausch, LLP
> 17 East Market Street
> York, Pennsylvania 17401

Respectfully Submitted:

DATED: June 14, 2002

Sandra Thompson, Esquire
Counsel for Plaintiff
PA ID No. 84345
P.O. Box 2361
York, Pennsylvania 17405
717-845-1408