IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY L. HANES, | : | Civil No. 1:00-CV-2003 |
| **Plaintiff** | : | |
| v. | : | |
| APPLE CHEVROLET, INC. and TERRY STEWART, President/Owner, | : |  |
| **Defendants** | : | |

## ORDER

The court held a conference call on June 26, 2002 in the captioned action to address outstanding discovery issues. The court discussed the following motions: (1) Defendants' motion to compel Plaintiff's deposition, to extend time, for contempt, and for sanctions which was filed on May 14, 2002; (2) Defendants' motion to compel Metro Public Adjustment, Inc. to answer interrogatories and produce documents, for contempt, and for sanctions which was filed on May 31, 2002; and (3) Plaintiff's motion for sanctions which was filed on June 16, 2002. The court heard argument from counsel during the June 26, 2002 conference call on each of these motions.

First, the court notes that it issued an order on May 14, 2002 addressing the issue raised in Defendants' motion of the same date. The court disposed of the motion to compel and extend time, but deferred its ruling on sanctions. Furthermore, Defendants have informed the court that Metro Public Adjustment has provided the requested discovery, and the only remaining issue with respect to Defendants' May 31, 2002 motion is whether Defendants are entitled to sanctions in the amount of attorneys fees incurred in filing the discovery motion.

Upon consideration of the outstanding discovery disputes in this case, **IT IS HEREBY ORDERED THAT**:

(1) Defendants' May 14, 2002 motion for contempt and sanctions is **DENIED**;[1]

(2) Defendants' May 31, 2002 motion to compel Metro Public Adjustment to respond to discovery requests and produce documents, for contempt, and for sanctions is **DENIED** as follows:

(A) To the extent that Defendants' request the court to compel discovery, the motion is **DENIED as MOOT**;

(B) To the extent that Defendants' seek contempt and sanctions in the amount incurred in filing a discovery motion, the motion is **DENIED**;

(3) Plaintiff's motion for sanctions is **DENIED** to the extent that she seeks to have the deposition testimony of witnesses Green, Weathers, Tamboris and Jones completely stricken from Defendants' motion for summary judgment or precluded from trial. However, the court does find that these depositions were taken in violation of order of court.[2] Therefore, as a curative measure, the court orders the following:

---

[1] Once again, the court will stress to the parties that when they have a discovery dispute, they are not to file discovery motions on paper. Instead, counsel is to contact the court by telephone and request a conference call. This is not the first time that the court has informed the parties of this, and costs in filing motions would not have been incurred had this mandate been followed.

[2] The court notes that the court's order lifting its previous stay on scheduling depositions was dated April 4, 2002. This is the same date that the depositions of these four witnesses were taken. The order was not mailed until April 4, 2002, and there is no way that Defendants' counsel could have had a copy of the order at the time she conducted the depositions, much less at the time the depositions were scheduled.

2

(A) On or before July 1, 2002, Defendants' counsel shall provide Plaintiff's counsel with a copy of the transcripts from the depositions of witnesses Green, Weathers, Tomboris, and Jones. Defendants shall bear the cost of producing said transcripts.

(B) On or before July 12, 2002, Plaintiff's counsel shall inform the court by letter if there are any matters contained in the depositions that Plaintiff wishes to clarify or correct through follow-up, telephonic deposition of said witnesses. The court will consider whether to allow Plaintiff to schedule said depositions.

(C) In the event that such follow-up deposition is necessary, within ten days of said deposition, Plaintiff's counsel is granted leave to supplement her argument in response to Defendant's motion for summary judgment. Defendants' brief in reply to the motion for summary judgment is deferred until it is determined whether a supplemental response is necessary. If a supplement is filed, Defendants' reply will be due in accordance with the timing set forth in the Local Rules for the Middle District of Pennsylvania. If no such supplement is necessary, Defendants' reply is due within twenty days of the date of the follow-up deposition.

(4) The court will not entertain further discovery disputes that are filed by paper motion rather than by contacting the court by telephone. Any such motions filed will be immediately stricken from the record without consideration being given to their merits. The court also requires that counsel first attempt to resolve discovery disputes between themselves before contacting the court.

Dated: June 27, 2002

SYLVIA H. RAMBO
United States District Court