UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY L. HANES,
    Plaintiff,

v.

APPLE CHEVROLET, INC. and TERRY
STEWART, President/Owner, Jointly and
Severally,
    Defendants

Case No. 1:00-CV-2003

Judge Rambo

FILED
JUL 12 2002
PER _____
HARRISBURG, PA.     DEPUTY CLERK

### DEFENDANTS' ANSWER AND NEW MATTER TO PLAINTIFF'S MOTION TO RECOVER COSTS

AND NOW, this 11th day of July 2002, come the Defendants, Apple Chevrolet and Terry Stewart, by and through their counsel, Sara A. Austin, Esq., **Blakey, Yost, Bupp & Rausch, LLP**, and do file this Answer and New Matter, as follows:

#### ANSWER

1. Admitted.

2. No response required; the Order speaks for itself.

3. No response required; the Order speaks for itself.

4. No response required; the Order speaks for itself.

5. Admitted (noting that said contact was through counsel).

6. Admitted in part, denied in part. It is admitted that Defendants refused to reimburse Plaintiff for the amount allegedly paid by Plaintiff to the stenographer since that amount exceeds Defendants' costs of reproducing the transcripts and providing same to Plaintiff. The implication

that such denial was in any way violative of this Court's Order is denied and strict proof thereof demanded.

7. Demurred. Defendants are without knowledge as to any contacts made by Plaintiff with this Court, and so demur to the allegation in this paragraph.

8. Demurred. Defendants are without knowledge as to what, if any, action this Court instructed Plaintiff to take and so Defendants demur to the allegation in this paragraph.

9. Admitted in part, demurred in part. Based on the document attached to Plaintiff's Motion, it is admitted that Plaintiff paid something for transcripts of the 4/4/02 depositions. As the total is not broken down between the items (Plaintiff's deposition and the other four (4) transcripts), defendants demur to the allegation as to the cost for the subject transcripts.

## NEW MATTER

10. During the 6/26/02 telephone conference between this Court and the parties' counsel, Defendants offered to provide to Plaintiff a copy of the transcripts from the 4/4/02 depositions.

11. After entry of this Court's 6/27/02 Order, Plaintiff advised Defendants that he already had a copy of the transcripts, Defendants offered to remit to Plaintiff the sum of $25.40, representing Defendants' costs of copying 127 total transcript pages at $0.20 per page (pursuant to this Court's Order).

12. Plaintiff refused to accept this offer, and instead demanded $212.35, the amount allegedly paid by Plaintiff to the stenographer.

13. By letter dated 7/3/02 (a copy of which is attached hereto and incorporated by reference herein as Exhibit "A'), Defendants offered to split the difference and remit to Plaintiff the sum of $95.00 in order to avoid either party incurring additional expense or wasting this Court's time in arguing over the interpretation of this Court's Order.

14. Defendants received no response to the letter other than a copy of Plaintiff's Motion.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order: (1) granting Plaintiff's Motion to the extent of the $25.40 actual copying costs to Defendants, and (2) for such other relief as may be just and proper.

Respectfully submitted,

_____
Sara A. Austin
Sup. Ct. ID 59052
**Blakey Yost Bupp & Rausch, LLP**
17 E. Market St.
York, PA 17401
(717) 845-3674
Defendants' counsel

LAW OFFICES
BLAKEY, YOST, BUPP & RAUSCH, LLP
17 EAST MARKET STREET
YORK, PENNSYLVANIA 17401

ALBERT G. BLAKEY
DAVID WM. BUPP
DONALD B. HOYT
CHARLES A. RAUSCH
SARA A. AUSTIN
STACEY R. MACNEAL
PENNY V. AYERS
JOHN J. BARANSKI, JR.
ROBERT O. BEERS+
DONALD H. YOST+
  +OF COUNSEL

TELEPHONE (717) 845-3674
FACSIMILE (717) 854-7839

PLEASE CORRESPOND TO YORK OFFICE

July 3, 2002

DILLSBURG OFFICE:
104 SOUTH BALTIMORE STREET
DILLSBURG, PA 17019
(717) 502-8256

Sandra Thompson, Esquire
P.O. Box 2361
York, PA 17405

    Re:    Hanes v. Apple Chevrolet, Inc., et al.
            MDPA No. 1:CV-00-2003

Dear Attorney Thompson:

After receiving your 11:30 a.m. message yesterday as to payment allegedly due under Paragraph 3(A) of the Court's June 27th Order, my secretary contacted Chambers; the Judge's law clerk restated the Order but could offer no further interpretation, as is the norm. Your further message to my secretary today was that your previous figure ($375.00) included your client's transcript, and that the amount actually paid for the four (4) transcripts at issue was $212.35.

I reiterate that the total number of pages in the four (4) depositions is 127; multiplying that by 20¢ per page copying cost comes out to $25.40, the amount that I believe is due pursuant to the Court's Order (especially since you did not mention during the conference call that you wee in possession of the transcripts already). However, in the interest of resolving this issue and saving both clients' time and expense, I am prepared to forward to you a check in the amount of $95.00, just over one-half the difference between the actual copying cost and what you assert was paid by Plaintiff. Please advise if the check should be made payable to you or to your client.

Very truly yours,

Sara A. Austin
BLAKEY, YOST, BUPP & RAUSCH, LLP

SAA/isk

    cc:    Apple Chevrolet, Inc. (w/encl.)

Exh. "A"

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the person and in the manner indicated below:

<u>Service by First Class Mail addressed as follows:</u>

Sandra Thompson, Esquire
P.O. Box 2361
York, PA 17405
    Counsel for Plaintiff

BLAKEY, YOST, BUPP & RAUSCH, LLP

By: _____
    Sara A. Austin, Esquire

Dated: 7/11/02

{00081616/2}    4