

7-16-02
mm

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY L. HANES,** | Civil No. 1:00-CV-2003 |
| **Plaintiff** | |
| v. | |
| **APPLE CHEVROLET, INC.** **and TERRY STEWART,** **President/Owner,** | |
| **Defendants** | |



FILED
JUL 1 6 2002
PER _____ mm
HARRISBURG, PA  DEPUTY CLERK

### ORDER

The background of this order is as follows: On July 27, 2002, the court issued an order in which it determined that Defendants had conducted depositions of witnesses Mark Green, Lionel Weathers, Dimitrios Tomboris, and Steve Jones in violation of a previous order of court. As curative measures, the court ordered the following: (1) Defendants were to bear the cost of providing deposition transcripts to Plaintiff; (2) Plaintiff was given the opportunity to request follow-up depositions of these witnesses; and (3) Plaintiff was given the opportunity to supplement his argument in response to Defendants' motion for summary judgment.

The court has subsequently learned that prior to the July 27, 2002 order, Plaintiff had already obtained copies of the deposition transcripts. Therefore, the court instructed Plaintiff's counsel to file a motion to recover costs. Said motion was filed on July 10, 2002. Defendants filed a response to said motion on July 12, 2002. Furthermore, by letter dated July 11, 2002, Plaintiff's counsel indicated to the court that she did not require additional depositions of the above listed witnesses. However, she did request the court's permission to supplement Plaintiff's supporting documents and exhibits to Plaintiff's summary judgment response and statement of material facts with depositions of these witnesses.

Plaintiff indicates to the court that he paid a total of $212.35 to Key Reporters for transcripts of the depositions taken on April 4, 2002. The bill provided by Plaintiff from Key Reporters is actually in the amount of $375.55, but the bill is not itemized. However, Plaintiff avers that this also included the cost for a transcript of Plaintiff's deposition, a cost not to be borne by Defendants.

Defendants contest the amount that they should be required to remit to Plaintiff. While Defendants note that there is no itemization on the Key Reporters' bill, they "demur to the allegation as to cost for the subject transcript." (Defs. Answer and New Matter to Pl. Mot. Recover Costs at 2.) However, Defendants argue that, for the cost of $25.40, they could have copied 127 pages of transcripts and provided them to Plaintiff.[1] Defendants further assert that they offered to "split the difference" and offered to pay Plaintiff $95.00 for the transcripts. (*Id.*) Defendants did not receive a response to this offer. Now, Defendants ask the court to grant Plaintiff's motion to recover costs only to the extent that it would have cost Defendants $25.40 to copy the transcripts.

The court finds that Plaintiff is entitled to reimbursement in the full amount of the costs he incurred in obtaining copies of the deposition transcripts. There is no indication that Defendant offered to provide copies of the transcripts to Plaintiff prior to Plaintiff ordering copies from Key Reporters. Thus, Plaintiff did not act in bad faith in paying for copies of the deposition transcripts at the higher price charged by the reporting service. Accordingly, Defendants shall be ordered to remit the entire amount to Plaintiff.

---

[1] The court questions the propriety of photocopying the work product of a stenographer.

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff's motion to recover costs is **GRANTED**;

(2) Defendants shall make payment to Sandra Thompson, Esquire, on behalf of Plaintiff, in the amount of $212.35 on or before July 26, 2002.

(3) Plaintiff may supplement his response to Defendants' motion for summary judgment. Said supplement shall be filed on or before July 26, 2002. Defendants' reply is due in accordance with the timing set forth in the Local Rules for the Middle District of Pennsylvania.

SYLVIA H. RAMBO
United States District Court

Dated: July 16, 2002

3